## Andrew P. Fragd, Appellant, v. Estate of Mary A. Fragd, deceased (John T. Deemar, Appellee).

## Gen. No. 5,662.

1. ADMINISTRATION OF ESTATES—*court order construed.* A circuit court order concerning a county court judgment allowing an executor's claim against the estate, which provides that the claim be held in abeyance until the final report is made by the executor and heard on notice to all interested, seems to mean that the claim shall be reheard in the county court, and if so it should have set aside the allowance of the claim.

2. ADMINISTRATION OF ESTATES—*order of circuit court fixing time of hearing of executor's claim error.* It is error for the circuit court in ordering a rehearing of an executor's claim against the estate to fix the time when the county court should hear the claim.

3. EXECUTORS AND ADMINISTRATORS—*duties.* An executor occupies a fiduciary relation to the heirs and legatees of the estate and it is his duty to protect their interests against claimants, especially when he is a claimant.

4. EXECUTORS AND ADMINISTRATORS—*when under county court's jurisdiction.* Notice to creditors by an executor as to the time for the presentation of claims brings a legatee within the county court's jurisdiction for that time only.

5. EXECUTORS AND ADMINISTRATORS—*when allowance of claim against estate fraudulent.* A holding that the allowance of an executor's claim against the estate was fraudulent is justified where it seems that it was such executor's intention to secure its allowance without the knowledge of the residuary legatee, since he filed it after the time fixed for the presentation of claims and without notice to the residuary legatee, though he was aware of its existence at that time and the claim as filed affords no light to any one who might dispute it.

6. EXECUTORS AND ADMINISTRATORS—*allowance of executor's claim against estate.* Presentation and allowance of an executor's claim against the estate, after the time fixed for such presentation and without notice to the residuary legatee, is a violation of the executor's duty to the legatee.

Appeal from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1912. Reversed with directions. Opinion filed October 15, 1912.

CHESTER M. TURNER, for appellant.

CHARLES R. W. WHITMAN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Mary Ann Fragd died testate September 20, 1909, leaving no descendants. By her will she made certain gifts to a niece and to an adopted daughter of a former husband, and bequeathed and devised the remainder of her property to her husband Andrew Peter Fragd, for his natural life and after his death the same to become the property of her nephew, Dr. John T. Deemar, or in the event of his death, then to his children, and appointed her husband as executor. The will was duly probated on October 28, 1909, and her husband qualified as executor and as such gave notice to the creditors to file their claims for the January term, 1910, of the County Court of Henry county. On January 18, 1910, he renounced the will and elected to take under the statute, which would give him all the personal estate and the fee to one-half the real estate left by the deceased, subject only to the payment of her just debts. On October 27, 1910, between nine and ten months after the adjustment day, he filed a claim against the estate for $2,146; $1,500 as cash loaned to deceased to apply on the purchase of property, $600 as cash loaned Oscar Anderson at the request of the deceased on her promise to pay it, and $186 as interest, $140 of which had been paid. One Joseph L. Shaw was appointed as special administrator to defend the estate against said claim. He gave no notice of the pendency of the claim to the residuary legatee who lived in Pennsylvania. On November 21, 1910, the special administrator consented that the claim be allowed for the full amount and judgment was entered thereon. Afterwards Deemar filed a petition to have the judgment set aside on the ground that it was fraudulently obtained. The County Court denied the

petition and Deemar appealed from that order to the Circuit Court of said county. On the trial a stipulation was made as to various facts, and oral proof was offered and the court entered the following order. "It is ordered by the court that the claim be held in abeyance and not paid or credited until the final report is made by the executor and heard upon notice of hearing to all parties interested." From that order the executor appeals to this court, at least the record recites that the executor excepts and prays an appeal, which was granted on his filing a bond. The bond filed is the personal bond of Andrew P. Fragd and contains no allusion to the fact that he is executor. Treating the appeal, however, as proper, appellee insists that the order is not final and that the appeal should be dismissed, or in case it is not dismissed it be affirmed.

Counsel for appellant say in argument, there is but one question in the case and that is whether or not there was fraud or fraudulent collusion in the allowance of the claim; that no fraud or fraudulent collusion was proven and therefore the court erred in directing the claim to be reopened, and the order should be reversed.

From the wording of the order it is not clear whether it means the claim should be held in abeyance until the final report is heard, or whether it means that there shall be a rehearing in the claim. We are of opinion, however, that the meaning of the order is, in effect, that the claim shall be reheard in the County Court. If our conclusion is right, then the order should have specifically set aside the allowance of the claim, and the Circuit Court erred in fixing the time when the court should hear the claim.

The claim as filed affords no light to one who would dispute it. It does not show the date when the money was loaned, or what property it helped to purchase. It does not show when the alleged loan of $600 was made to Anderson and in what form deceased agreed

to pay the same to appellant. It does not show the rate of interest which appellant employed in computing the item of $186 of alleged interest. It does not show the name of the person from whom the $140 was received.

Anderson may have been paying his own interest to appellant. It does not show whether or not the items of the claim were barred by the statute of limitations. The alleged agreement of the deceased to answer for Anderson's debt may be void under the statute of frauds. Anderson may be able to pay his own indebtedness. Shortly before the death of Mrs. Fragd she conveyed real estate to the claimant which he has since sold for $48,000.

Appellant, as executor, occupied a fiduciary relation to the heirs and legatees of the Fragd estate. It was his duty to protect the interests of the heirs and legatees against that of claimants and especially so when he himself appears as a claimant. The notice to creditors of the time fixed for the presentation of claims, brought appellee within the jurisdiction of the County Court for that time; and for that time only. Appellant was, at that time, as fully as at any other time, aware of any existing indebtedness of the estate to him. His neglect to file a claim within the period fixed tends to give rise to the presumption that either his claim is born of an afterthought, or that he was seeking opportunity to obtain a hearing when appellee could not oppose him. The presentation and allowance of his claim, without notice to appellee, was clearly a violation of the duty which appellant as executor owed appellee. The special administrator acted as attorney for the executor. Apparently this claim, filed at a late day, without notice to the only interested party except the claimant, was calculated to enable him to absorb all or nearly all of the estate which he did not take under the statute by reason of his renunciation. We are of the opinion that all the circumstances considered, it was the intention of the claimant to secure

the allowance of the claim without the knowledge of the residuary legatee who would be bound thereby, so far as the personal estate is concerned, and that the trial court would have been justified in holding that the allowance of the claim in the County Court was fraudulent.

Inasmuch as the order is indefinite and may lead to doubt as to the meaning in the County Court, the order is reversed with directions to the Circuit Court to enter an order vacating the allowance of the claim by the County Court, and directing that court to proceed to another hearing of said claim after due notice, not only to the special administrator and the claimant, but also to the residuary legatee. The costs of this appeal will be adjudged against appellant.

*Reversed with directions.*