IN RE ESTATE OF MILLER.

(No. 713—Decided May 24, 1954.)

*Messrs. Metzger, McCorkhill & Metzger, Mr. Henry L. Reese* and *Mr. James D. Primm, Jr.,* for appellee.
*Messrs. Goubeaux & Goubeaux,* for appellant.

PHILLIPS, J. Russell I. Miller, the decedent, was killed on February 15, 1953, in Columbiana County in a collision between an automobile owned by a Mrs. Blackburn and driven by decedent and a truck owned by Subler Transfer, Inc., and driven by one of its agents.

The president of the Subler Transfer, Inc., called petitioner in this opinion, was advised of such collision on February 15, 1953.

Thereafter counsel for Mrs. Blackburn advised petitioner's president that decedent's widow was administratrix of decedent's estate.

On June 16, 1953, Mr. James Primm, Jr., the administrator's attorney, advised petitioner to address correspondence with reference to decedent's estate to him, but did not advise him of the name of the administrator who was appointed by the Probate Court of Columbiana County, Ohio, on February 25, 1953.

Petitioner was informed of the appointment of Clyde Miller as administrator on September 30, 1953, and upon receipt of that information filed a petition in the Court of Probate of Columbiana County for authority to present its claim after the expiration of four months "as provided in General Code, 10509-134, Revised [Code] Section 2117.07," assigning as its reason that "petitioner did not have actual notice of the appointment of Clyde Miller as administrator in sufficient time to present its claim within the period prescribed by law."

The Judge of the Court of Probate dismissed petitioner's petition, and from that order petitioner appeals to this court on questions of law.

While counsel for petitioner have assigned no formal assignments of error upon which they rely to secure a reversal of the judgment of the trial court, we

gather from their oral argument and brief that they contend that counsel for the administrator of decedent's estate was guilty of a wrongful act in failing to advise petitioner of the name of the administrator of decedent's estate duly appointed by the Court of Probate of Columbiana County; and because the trial judge erred to its prejudice in refusing its counsel leave to amend its petition to comply with the proof by including "wrongful act or statement on the part of his (administrator's) attorney."

We are impressed by the reasoning of counsel for the administrator by brief:

"After he (petitioner's president) presented the Subler claim to Ruberta Miller, Mr. Primm (counsel for Ruberta Miller) wrote Mr. Subler that he was the attorney for the Russell I. Miller estate. This letter was dated June 16, 1953, and as the appointment of Clyde Miller as administrator was on February 25, 1953, this gave Mr. Subler nine days in which he could have called or written Mr. Primm, to say nothing of the entire four months period that he could have phoned or written the Probate Court of Columbiana County. He did absolutely nothing with reference to Mr. Primm's letter, although Mr. Primm ended the letter by saying, 'I would appreciate your cooperation very much.'"

In summarizing the entire evidence the judge of the Probate Court said:

"The uncontradicted evidence in this case is that the plaintiff had knowledge of the death of Russell I. Miller within four hours and in addition to that he had knowledge that the attorney for the estate was James Primm, Jr., as early as June 17th, 1953, or some eight or nine days before the expiration of the four month's period. The fact that he relied upon a

stranger to the case is his own hard luck. He had no right to rely upon Lozier Caplan because no where does it appear that Lozier Caplan had any privity. It would have been a simple matter to have either engaged an attorney or called this court for the actual person appointed. However, he chose to rely upon a stranger, therefore, he must abide by the consequences of his act. As late as June 17th, 1953, the date upon which he received the letter from James Primm, Jr., he could have called through, found out the exact connection and then to a direct question had Mr. Primm not informed him or misinformed him as to who the administrator was then I think he would have been in court. As it stands this petition will be denied and exceptions are permitted, and, gentlemen, you may try it out in the Court of Appeals.''

Counsel for the administrator had no duty to advise petitioner of the name of the administrator of decedent's estate, although he wrote the petitioner the same day petitioner communicated with decedent's widow. Likewise he was under no duty to advise petitioner of its error in presenting its claim to decedent's widow instead of to Clyde Miller, administrator of decedent's estate. Petitioner is not entitled to a reversal of the judgment of the trial court on that ground.

In the case of *Prudential Ins. Co. of America* v. *Joyce Building Realty Co.*, 143 Ohio St., 564, 56 N. E. (2d), 168, the Supreme Court said, in the syllabus:

''1. Sections 10509-112 and 10509-134, General Code (114 Ohio Laws, 320), must be construed together and are statutes of limitation (or nonclaim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment. (Paragraphs one and two

of the syllabus in the case of *Beach, Recr.*, v. *Mizner, Exr.*, 131 Ohio St., 481, approved and followed.)

"2. The requirements of Section 10509-112, General Code, that 'creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment' are mandatory and may not be waived by him.''

In the case of *In re Estate of Marrs,* 158 Ohio St., 95, 107 N. E. (2d), 148, the Supreme Court said:

"1. One who has a claim against a decedent's estate and fails to present the same in writing to the executor or administrator within four months of his appointment, as required by Section 10509-112, General Code, may, after the expiration of such time, under Section 10509-134, General Code, petition the Probate Court for leave to do so and where upon hearing the court finds 'that the claimant did not have actual notice of the decedent's death *or* of the appointment of the executor or administrator in sufficient time to present his claim within the time prescribed by law * * * then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period.'

"2. The disjunctive conjunction, 'or,' is used in Section 10509-134, General Code, in its ordinary sense and meaning, and where upon hearing of the petition for authority to file a belated claim the evidence discloses that claimant actually knew of the decedent's death and his place of residence shortly after the death occurred and that in the exercise of reasonable diligence the claimant could have learned of the appointment of an administrator and thereafter had a fair opportunity to present his claim within the four months prescribed by Section 10509-112, General Code, the court is chargeable with no error or abuse of dis-

cretion in denying claimant authority to present such claim.''

In that case the Supreme Court recognized that the trial court could exercise its discretion, which discretion we can not say in this case was abused.

With reference to the contention that the trial judge erred to petitioner's prejudice in denying the right to amend its petition to comply with the proof it is observed that in denying petitioner's motion for such amendment the trial judge stated that if petitioner desired to amend its petition generally, thus giving the administrator the opportunity of answering fully, the trial judge would grant such leave, of which counsel for petitioner did not take advantage.

The trial judge did not err to petitioner's prejudice in overruling its motion to amend its petition to conform with the proof.

The judgment of the Court of Probate is affirmed.

*Judgment affirmed.*

GRIFFITH, P. J., and NICHOLS, J., concur.