**NATHERSON, Estate of, In re.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23715 and 23716.   Decided May 23, 1956.

Halle, Haber, Berick & McNulty, for appellees.

Walter & Haverfield, D. Rusk Haverfield, Ben Bailey, of Counsel, for appellant.

## OPINION

By HURD, J:

These two separate actions are here appealed on questions of law from judgments of the Probate Court of Cuyahoga County whereby the petitioners were authorized to present claims against estate of Dr. Frank M. Natherson, formerly a practicing physician, more than four months after the appointment of his widow, Esther M. Natherson, as the administratrix of his estate.

The petitioners, Evelyn Kenney and Harold Kenney, wife and husband respectively, filed substantially identical petitions in Probate Court. The claim of the wife, Evelyn Kenney, is for damages arising out of alleged malpractice by the decedent who is charged with negligence in the performance of a gall bladder operation upon her on or about February 17, 1954. The claim of the husband, Harold Kenney, is for loss of her services. The cases are considered together because identical issues are involved, it having been stipulated that the testimony introduced upon the hearings in Probate Court should apply equally to both cases.

Dr. Natherson died June 19, 1954. The administratrix was appointed July 13, 1954. On March 25, 1955, over eight months later, the plaintiff-appellees filed their petitions seeking authority to file claims against the decedent's estate. Each of said petitions alleged that the claims were not presented to the Administratrix within the time prescribed by law for the following reasons:

1. "Claimant did not have actual notice of the decedent's death or of the appointment of his Administratrix within sufficient time to present her claim within the period prescribed by §2117.06 R. C." and

2. "Decedent willfully and maliciously concealed from her the malpractice which he had performed upon her, so that she did not learn until recently of the tort committed against her by the decedent."

Hearings were held in Probate Court July 18, 1955 and on October 24, 1955, the Probate Court entered orders allowing the presentation of the claims pursuant to the petitions.

The appellant assigns as error that such orders are contrary to law and against the weight and sufficiency of the evidence adduced at the trial.

Sec. 2117.06 R. C. provides that all claims shall be presented within four months after the appointment of the executor or administrator.

Sec. 2117.07 R. C. authorizes the Probate Court to allow the filing of a "late claim," that is, after four months, if:

"(A) The claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by §2117.06 R. C.

"(B) The claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney.

"(C) The claimant was subject to any legal disability during such period or any part thereof."

Appellant claims that the foregoing provisions of §2117.07 R. C. are exclusive remedies and that if appellees have not qualified themselves under one of the provisions thereof, they are forever barred from filing a "late claim."

The appellees claim that they have qualified themselves under Subsection (A) of §2117.07 R. C. and also that decedent's claimed concealment of his alleged malpractice tolled the running of the statute against appellees.

The claim of the appellees that they are qualified under Subsection (A) of §2117.07 R. C., in that they did not have actual notice of the decedent's death, cannot be sustained as, according to their own testimony set forth in the record, the appellees had actual notice of decedent's death at or about the time thereof by reading newspaper articles published at the time of that event. The fact that their knowledge was acquired from reading newspaper articles does not proscribe it from being actual notice within the meaning of the statute. The statute does not define or prescribe any particular form of notice. The provisions of the statute are satisfied if actual notice which amounts to knowledge of the fact is acquired by the parties. In this case, both parties testified not only that they knew of the death of Dr. Natherson but because of that knowledge, proceeded to look for another family physician. Nor would it be material as to whether or not the appellees had knowledge of the appointment of the administrator of the decedent's estate as it has been held by our Supreme Court in In re Estate of Marrs, 158 Oh St 95, 48 O. O. 46, 107 N. E. (2d) 148 (1952), that knowledge of either death or the appointment of an administrator is sufficient and that such knowledge would preclude relief. The Court held in that case that the word "or" as used in §10509-134 GC (now §2117.07 R. C.) is used in its ordinary sense or meaning as a disjunctive, and to substitute the word "and" for "or" would be to attribute to the General Assembly the doing of a useless thing. For a discussion of the subject of notice and knowledge acquired by reading newspaper articles reporting the death of a decedent see In re Estate of Hamlin, 40 O. O. 1, 54 Abs 257, 87 N. E. (2d) 691.

The appellees' second argument for affirmance of the decision of the Probate Court obviously does not constitute a basis for relief within the provisions of §2117.07 R. C., for it is not alleged or argued that there was any wrongful act on the part of the administratrix or her attorney which would qualify the petitioners under Subsection (B) of the statute. Here it is claimed that there was "concealment" on the part of the decedent for which no relief is provided by the nonclaim statute as an examination of Subsection (B) clearly shows. Nor is there any claim that the parties were subject to any legal disability under Subsection (C) of the statute.

In our view of the record in this case, we do not find that the decedent was guilty of attempting to conceal or cover up any failure on his part with respect to the gall bladder operation performed on the petitioner, Evelyn Kenney. It appears, as shown by the record, that the general conduct of the deceased physician was such as to negative the idea of fraud or concealment although it is also clear that he did not explain to the patient the precise nature of her post-operative condition. Neither is it shown by the record that he knew the exact nature of that condition. Also his act of calling in another surgeon to perform a second operation rather than attempting to perform it himself tends to disspell a fraudulent intent to conceal the reasons for the failure of the first operation. However, in our opinion, this is immaterial because of the limitations provided by the statute and our interpretation of the decided cases. Secs. 2117.06 and 2117.07 R. C. and the predecessor statutes §§10509-112 and 10509-134 GC, have been variously designated as nonclaim statutes or statutes of limitations. **Beach v. Misner, 131 Oh St 481, 3 N. E. (2d) 417, 6 O. O. 155; In re Estate of Erbaugh, 73 Oh Ap 533, 57 N. E. (2d) 294, 29 O. O. 177,** and **Conrad v. Sarver, 97 Oh Ap 199, 124 N. E. (2d) 749, 55 O. O. 453.**

In some other jurisdictions a clear distinction is made between nonclaim statutes as such and general statutes of limitation. For instance, in the case of Yniestra v. Tarleton, 67 Ala. 126, it is held that the general provisions of the statutes of limitations are not applicable by analogy to a nonclaim statute. We think the designation of the statutes is not important. The intention of the legislature in the enactment of statutory law must be the controlling factor. Obviously the purpose of §2117.07 R. C., as amended from time to time and as it now stands, is to promote the prompt and expeditious settlement of estates of decedents. Consequently, the statute requires that all claims, with certain exceptions not here applicable, must be presented to the executor or administrator within four months of the appointment unless the claimant files in the Probate Court a petition seeking permission to file a belated claim which may be granted upon proof of one or more of the grounds for relief prescribed in the statute.

Applying this principle to the facts of the instant case, it is quite obvious, as heretofore indicated, that petitioners have failed to prove any one of the grounds requisite for relief under the provisions of the statute. In our opinion the provisions of this section of the Code, (§2117.07 R. C.) provide an exclusive remedy for permission to file claims against decedents' estates after the expiration of four months from the

time of the appointment of the administrator or executor. We think it unnecessary to cite all of the cases which support this conclusion. The following Ohio Supreme Court decisions are sufficiently demonstrative of the proposition:

Beach v. Mizner, 131 Oh St 481; State, ex rel. Fulton v. Coburn, 133 Oh St 192, 12 N. E. (2d) 471, 10 O. O. 249; Pierce v. Johnson, Exr., 136 Oh St 95, 23 N. E. (2d) 993, 16 O. O. 34; Ins. Co. v. Realty Co., 143 Oh St 564, 56 N. E. (2d) 168.

It is perhaps for this reason that petitioners seek to justify their contention upon general equitable principles outside of the statute and cite the case of Sugar River Bank v. Fairbank, et al., 49 N. H. 131. This case is also cited in 34 Corpus Juris Secundum 182, Sec. 407. However, this case does not reflect the Ohio view and represents the minority view in other jurisdictions. Immediately preceding this proposition, 34 C. J. S. 182, is the following paragraph:

"It is generally held that unless otherwise provided by statute, the fraudulent concealment of the existence of a claim or cause of action, either by decedent in his lifetime * * * does not affect the operation of the nonclaim statute or defer the beginning of the statutory period to the time when the facts are discovered: * * *"

Cited in support are: Burling v. Alvord, 110 N. W. 683; 77 Neb. 861: 24 C. J. p. 340, note 25; Fragd v. Fragd, 175 Ill. App. 246; Roberts v. Spencer, 13 N. E. 129, 112 Ind. 85.

From the foregoing authoritative decisions and text, we conclude that the allowance of claims after four months must be in conformity with the statute and not predicated on general equitable principles outside of the purview of the statute.

One further question remains to be considered. That is the claim of the petitioners that the fraudulent concealment by decedent of his alleged negligence affords a remedy which the petitioners may employ on the ground that the statute of limitations is not tolled until the fraud or concealment is discovered. The obvious answer to this claim, is, we think, that the action does not have its inception in fraud but rather is founded upon negligence or malpractice. The statute of limitations, providing for an action based upon fraud, is not here applicable for the reason that it is the rule of law that the provisions of §2305.09 R. C. (former §11224 GC) which provides that an action shall not accrue until the fraud is discovered, by its terms applies, only where fraud is the ground or gist of the action. This has been the holding of the courts of Ohio since the early case of Fee's Admr. v. Fee, 10 O. 470 (1841) the syllabus of which states:

"A fraudulent concealment by which the plaintiff has been delayed will not enlarge the time for bringing an action under the statute of limitations."

To the same effect see also:

Howk v. Minnick, 19 Oh St 462 (1869); Minster Loan & Sav. Co. v. Laufersweiler, 67 Oh Ap 375, 36 N. E. (2) 895, 21 O. O. 326; Squire v. Guardian Trust Co., 79 Oh Ap 371, 35 O. O. 144, 47 Abs 203.

We are well aware that this view of the law is such that in the instant case the petitioners are precluded from a right of action for

negligence or malpractice but this is in accord with the established law of Ohio on the subject and we are not privileged by judicial decree to enlarge upon the plain provisions of legislative enactment.

In considering the legislative intent with respect to the enactment of §2117.07 R. C., it seems to be clear that the legislature, in limiting Subsection (B) to "any wrongful act or statement on the part of the executor or administrator or his attorney," did not intend expressly or by implication to extend the provisions of the Act to any wrongful act or statement upon the part of the decedent. If it was so intended, it is reasonable to assume that the legislature would have so provided. We may not by judicial determination extend the benefit of that provision beyond its clearly stated limitations.

It is our conclusion, for the reasons stated, that the judgment of the Probate Court in allowance of the claims of petitioners must be reversed and the cause remanded to Probate Court with instructions to deny the application of petitioners for allowance to file the "late claims."

Exceptions. Order see journal.

KOVACHY, PJ, SKEEL, J, concur.