**BRONSON, Plaintiff-Appellee, v. HAYWOOD, Extrx. of the Estate of CHARLES E. HAYWOOD, Deceased, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4071. Decided October 21, 1959.

472

Philip A. Morgante, Lloyd R. Haynes, Youngstown, for plaintiff-appellee.

Carlyle & Carlyle, Raleigh P. Swanner, Youngstown, for defendant-appellant.

## OPINION

Per CURIAM.

The question presented and the single ground of error assigned by defendant in her appeal on questions of law from the judgment of the Probate Court is:—

"The court (Probate) erred in finding as a matter of law that plaintiff did not have actual notice of either the death of decedent, Charles E. Haywood, or the appointment of the executrix of his estate in sufficient time to file her claim for alleged personal injuries resulting from an automobile accident within the four month period, prescribed by §2117.06 R. C., and in allowing said claim to be filed after the expiration of said four month period."

Plaintiff claims to have received personal injuries as the result of an accident which occurred September 8, 1957, at about 6:10 P. M., near the junction of U. S. Route 422 and County Road No. 744, in Trumbull County, Ohio, by reason of the alleged negligent operation of an automobile by decedent, Charles E. Haywood, a resident of Mahoning County.

Decedent died November 9, 1957, from causes unassociated with the accident. His widow, Beryl R. Haywood, was appointed executrix of the estate of Charles E. Haywood, deceased, by the Probate Court of Mahoning County, April 22, 1958, and thereafter in accordance with §2113.08 R. C., notice of her appointment was published in the Daily Legal News, a publication of general circulation in and throughout Mahoning County. Proof of publication was filed in the Probate Court of Mahoning County, Ohio, May 20, 1958, and is recorded in Volume 26, at page 320, of the records of that court.

On May 29, 1958, approximately seven months after decedent's death and more than one month after the date of the appointment of the executrix plaintiff filed her petition against decedent, Charles E. Haywood, in the common pleas court of Mahoning County praying damages.

No claim was filed with the executrix within four months after her appointment as such, as required by §2117.06 R. C.

During the month of September, 1958, in accordance with §2117.07 R. C., plaintiff filed her petition in the Probate Court of Mahoning County, for authority to present her claim, alleging plaintiff did not have actual notice of decedent's death, nor of the appointment of the executrix in sufficient time to present her claim within the four month period prescribed by law.

During the hearing in the Probate Court, and before judgment, plaintiff filed an amended petition to conform with the evidence, and alleged, in addition to the lack of actual notice of the decedent's death or of the appointment of the executrix in sufficient time to present her claim, that a wrongful act was performed on the part of defense attorney, which misled plaintiff's attorneys to believe that decedent was still living.

The prayer of plaintiff's petition reads:—

"Wherefore, this petitioner prays that she be authorized under §2117.07, paragraph (A) and (B) R. C., to present her claim to Beryl R. Haywood, Executrix of the Estate of Charles E. Haywood, notwithstanding the expiration of the four month period prescribed by statute for the presentation of claim against said estate."

The action in the Probate Court was bottomed upon §2117.07 R. C., and the alleged wrongful act was that counsel for defendant obtained leave to move or plead in the Common Pleas Court action.

Sec. 2117.07 R. C., as applicable provides:—

"* * * The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

"(A) That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by §2117.06 R. C.;

"(B) That the claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney;"

Evidence upon hearing before the Court of Probate discloses plaintiff, and her counsel, testified that neither of them had notice of decedent's death, nor defendant's appointment as executrix of decedent's estate until September 2, 1958, at which time the four month statutory provision of §2117.06 R. C., for filing claims against decedent's estate had expired on August 22, 1958.

Sec. 2113.08 R. C., provides:—

"Within one month after appointment of an executor or administrator, the probate judge shall cause notice of the appointment to be published in some newspaper of general circulation in the county in which the letters were issued for three consecutive weeks, but such notice shall not be necessary when there is no estate except a right of action for wrongful death.

"An affidavit of the publisher or agent of the newspaper making such publication which is filed and recorded, together with a copy of the notice, in the probate court within six months after the appointment shall be admitted as evidence of the time, place, and manner in which notice was given."

In **In Re Estate of Marrs: Pennsylvania Greyhound Lines, Inc., v. Marrs, Admr., 158 Oh St 95, at page 100,** it is said:—

"* * * By placing the alternative in the statute, actual notice of either the death or the appointment is sufficient to place a claimant under the duty of filing his claim within the four months, providing the notice comes soon enough to enable him to do so. * * *."

Defendant argues that both plaintiff and her counsel had actual knowledge of the appointment of the executrix of decedent's estate by reason of the published notice required by §2113.08 R. C., and that notice to her counsel was notice to plaintiff notwithstanding the alleged wrongful act of defendant's attorney in obtaining leave to move or plead in the action in the court of common pleas, which plaintiff claims misled her and her counsel.

In **In Re Estate of Natherson, 74 Abs 387,** the fifth, sixth and eighth paragraphs of the syllabus state:—

"**Sec. 2117.07 R. C.,** provides an exclusive remedy for permission to file claims against decedents' estates after the expiration of four months from the time of the appointment of the administrator or executor.

"6. The allowance of claims against a decedent's estate after the four months period prescribed by §2117.06 R. C., must be in conformity with §2117.07 R. C., and can not be predicated on general equitable principles outside of the purview of such statute.

"8. Courts are not privileged by judicial decree to enlarge upon the plain provisions of legislative enactment."

Defendant does not claim plaintiff, nor her counsel, had any negotiations with defendant's counsel prior to the expiration of the statutory four month period for filing claims. Defendant claims it is obvious that neither plaintiff nor her counsel could have been misled in such manner that the mere procuring of leave to move or plead could or would constitute wrongful acts on the part of the defendant or her attorneys.

In **In Re Estate of Miller, 98 Oh Ap 445,** the second paragraph of the syllabus reads:—

"Counsel for the administrator of the deceased's estate has no duty to advise such claimant of the name of the administrator, and is under no duty to advise the claimant of his error in wrongfully presenting his claim to the decedent's widow, under the mistaken belief that she was the administratrix of decedent's estate, instead of to the court-appointed administrator."

Plaintiff contends:—

"While this action was pending in the Court of Common Pleas, Mr. Homer E. Carlyle, Esquire, counsel for the insurance company covering the Haywood car, secured 'leave to move or plead' until July 28, 1958. Thereafter, Mr. Carlyle did not ask for further leave of court to move or

plead, so that he was in default of answer or other pleadings. Of course, being in default, counsel for the plaintiff-appellee could have asked for judgment by default, but as a matter of courtesy to opposing counsel, refrained from so doing.

"A matter of approximately three months expired, during which time defendant's counsel was in default. Then, according to the record, Mr. Carlyle called Attorney Philip A. Morgante, associate counsel for the plaintiff-appellee, one week after the four month period had expired for the filing of the claim against the estate and informed Mr. Morgante, 'you are in trouble * * * you are in trouble because Mr. Haywood is dead and his wife, Beryl Haywood, was appointed April 22 * * * and the four months elapsed last week.' He said further: 'Now I would have informed you sooner but I knew nothing about this myself.'"

We are not impressed by the argument of counsel for the plaintiff that he was misled into not presenting his claim to defendant within the statutory allowed period by any fraudulent act of defendant's counsel.

Nor are we impressed by the argument of counsel for defendant in view of the statement in his telephone conversation with plaintiff's counsel.

The publication of notice in the Daily Legal News if binding upon one of counsel surely was equally binding upon the other.

In **In Re Estate of Fahle, 90 Oh Ap 195**, the third paragraph of the syllabus reads:—

"In the absence of evidence that a creditor of a decedent has read a notice of the death or the appointment of an administrator of a decedent, proof of publication of such notice is insufficient to establish 'actual notice' thereof as the term is employed in §10509-134 GC."

In that case, as in the case we review, defendants introduced evidence proving there was publication of notice in the "Toledo Legal News," as required by law. At page 197 the court said:—

"* * * If notice by publication of the appointment of an administrator is to be regarded as actual notice, §10509-134 GC, is nullified and inoperative except in cases where the Probate Court fails to perform its duty under §10509-6 GC."

In the case of **In Re Estate of Howe, 107 Oh Ap 361**, June 15, 1959, Ohio Bar Bulletin, the court at page 367 said:—

"* * * The claim on its face had merits. Substantial justice would seemingly require an adjudication of the merits thereof. * * *."

Sec. 2117.07 R. C., provides that the Probate Court may authorize a claimant under certain circumstances to present her claim to the executor after the four month period from the date of appointment but within the nine months period.

In the instant case the claimant admittedly had no actual notice of the death of the decedent and she had no actual notice of the appointment. The only notice thereof was by notice published in the Legal News.

Thus we have a situation coming within the scope of §2117.07 R. C., and it then becomes a problem in which the Probate Court shall use its discretion under all the facts presented as to whether or not he may permit the claim to be submitted. We realize, of course, that the Probate Court, in allowing the claim to be presented, does not pass on the validity

of the claim in any respect, but merely allows it to be presented for consideration—for allowance or rejection by the fiduciary.

In the face of the record the Probate Judge granted the claimant authority to present her claim, and we are unable to say that in so doing he was guilty of a gross abuse of discretion.

For these reasons the judgment of the Probate Court must be and hereby is affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.