KEHOE, DECEASED, ESTATE OF, IN RE.

Probate Court, Hamilton County.

No. 228487. Decided August 5, 1963.

*Mr. Louis A. Ginocchio,* for Charles C. Boyle, Executor of the Estate of Michael E. Kehoe, Deceased.

*Messrs. Kirschner & Kraft,* for Ann Rivers.

DAVIES, J. The testimony in this case discloses that Michael E. Kehoe died testate on March 1, 1961, that letters testamentary were issued to Charles C. Boyle, as executor, on May 1, 1961, and that on September 1, 1961, a petition to contest said decedent's will was filed, and is still pending, in the Common Pleas Court of Hamilton County.

The matter came before the court upon a petition, filed by Ann Rivers on January 28, 1963 (more than eighteen months after the appointment of the executor), for authority to present a claim, under the provisions of Section 2117.07, Revised Code, for personal services alleged to have been rendered said decedent during his lifetime. The petitioner contends that she is entitled to file her claim with the executor of the decedent's estate because she did not have actual notice of the appointment of the executor in sufficient time to present her claim within four months after the date of the appointment and that the

court also should authorize her to present her claim to the executor because, she contends, the filing of a suit to contest the decedent's will within the four months period after the date of the appointment of the executor suspended all activities of the estate and suspended all powers of the executor other than those specifically outlined in Section 2113.21, Revised Code.

Ann Rivers' contention that she is entitled to file her claim with the executor of decedent's estate because she did not have actual notice "of the appointment of an executor" in sufficient time to present her claim within four months after the date of the executor's appointment is denied by the decision of the Supreme Court of Ohio in the case of *In re: Estate of Young*, 174 Ohio St., 516, in which the court held that a claimant, although he did not have actual notice of the appointment of the administratrix in that case, was not authorized to present his claim beyond the statutory period for presenting claims under Section 2117.06, Revised Code, which provides that all claims (with certain specific exceptions which have no application to the *Rivers case*) shall be presented within four months after the date of the appointment of the executor or administrator.

Section 1.14, Revised Code, provides that "the time within which an act is required by law to be done shall be computed by excluding the first and including the last day, except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not a Sunday or a legal holiday." Ann Rivers did not present her claim to the executor of Michael E. Kehoe's estate within the four month period prescribed in Section 2117.06, Revised Code, but the suit to contest the Kehoe will was filed in the Common Pleas Court within said four month period, and Ann Rivers did file her petition for authority to present her claim with the decedent's executor during the pendency of the suit to contest the will.

When the Probate Court receives a certificate from the Clerk of the Court of Common Pleas that a petition has been filed in that court to contest the validity of a will admitted to record or recorded in the Probate Court, such Probate Court forthwith shall transmit to the Court of Common Pleas the will, testimony, and all papers relating thereto with a copy of the order of probate. (Section 2107.24, Revised Code.)

Section 2113.21, Revised Code, provides that:

"When a will is contested, the executor, the administrator de bonis non, with the will annexed, or the testamentary trustee may, during the contest, do the following:

"(A) Control all the real estate which is included in the will but not specifically devised and all the personal estate of the testator not administered before such contest;

"(B) Collect the debts and convert all assets into money, except those which are specially bequeathed;

"(C) Pay all taxes on such real and personal property and all debts;

"(D) Repair buildings and make other improvements if necessary to preserve the real property from waste;

"(E) Insure such buildings upon an order first obtained from the probate court having jurisdiction of such executor, administrator, or testamentary trustee;

"(F) Advance or borrow money on the credit of such estate for such repairs, taxes, and insurance which shall be a charge thereon;

"(G) Receive and receipt for a distributive share of an estate or trust to which such testator would have been entitled, if living.

"The court may require such additional bonds as from time to time seems (seem) proper."

A close analysis of the petitioner's argument that the filing of a suit to contest the decedent's will within the four months period following the appointment of the executor prevents the executor from receiving her claim because there is no authority specifically given an executor under the provisions of Section 2113.21, Revised Code, to receive her claim would also, if true, prevent a court from authorizing the claimant from presenting her claim to the executor during the pendency of the will contest because no such authority is granted under Section 2113.21, Revised Code.

To be logical, the petitioner might contend (we believe illogically) that during the pendency of a will contest the provisions of Sections 2117.06 and 2117.07, Revised Code, are suspended and during such period a creditor cannot, because of the provisions of Section 2113.21. Revised Code, present, and a fiduciary cannot receive, a creditor's claim.

That the legislature did not intend such a conclusion is shown in the case of *Delaplane* v. *Smith*, 38 Ohio St., 413, in which the court considered a case in which executors were appointed on March 17, 1869, under the will of one Robert A. Foresman. The will was set aside on July 9, 1876, in a proceeding to contest the decedent's will and an administrator was appointed in September of 1876 to administer said decedent's estate. On October 26, 1876, a creditor, for the first time, presented his claim for allowance to the administrator. The court held that the creditor's claim was barred because his claim was not presented within time. The court (p. 415) held that the creditor might have presented his claim to the executors when the executors were first appointed, which he did not do, and that the rights of a creditor are not affected or hindered by the pendency of a proceeding to contest the validity of a will duly probated. The court said that the creditor's "rights exist and are preserved irrespective of the question of the validity or invalidity of the will" and that "the statute begins to run against his claim from the time when he might properly begin an action."

The court, in the case of *Beach, Recr.* v. *Mizner, Exr.*, 131 Ohio St., 481, 6 Ohio Opinions, 155, 3 N. E. (2d), 642, held that Section 10509-112, General Code (now Section 2117.06, Revised Code), and Section 10509-134, General Code (now Section 2117.07, Revised Code), are statutes of limitation (or non-claim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment. See also, *In re: Estate of Natherson*, 102 Ohio App., 475, 3 Ohio Opinions (2d), 35.

It will be noted that Section 2113.21, Revised Code, provides that when a will is contested the fiduciary *may*, during the contest, do certain things. 26A Words and Phrases contains 117 pages which digest hundreds of cases dealing with the meaning of the word "may" which, these cases disclose, is ordinarily a word of permission rather than command, although the words "may" and "shall" are not infrequently used interchangeably in statutes and they are to be given that meaning which best expresses the legislative intent. Whether the legislature intended, when a will is contested, that a fiduciary be

permitted or required to perform the duties outlined in said Section 2113.21, Revised Code, is immaterial insofar as the issues in the instant case are concerned.

In certain sections of the revised code, fiduciaries are commanded to perform certain duties without cessation or limitation, whether or not a suit to contest a will has been filed in the Common Pleas Court. Some illustrations of such sections are as follows: An executor or administrator within four months after the date of his appointment *shall* present any claim which he has against the estate to the probate court for allowance. (Section 2117.02, Revised Code.) All creditors having claims against an estate *shall* present their claims to the executor or administrator in writing within four months after the date of the appointment of the executor or administrator. (Section 2117.06, Revised Code.) An executor or administrator *shall* reject a creditor's claim against the estate by giving the claimant written notice of the disallowance thereof. (Section 2117.11, Revised Code.) When a claim against an estate has been rejected the claimant, with exceptions noted in the section, *must* commence an action on the claim within two months after such rejection. (Section 2117.12, Revised Code.) After four and not later than five months following the date of his appointment, every executor or administrator *shall* make upon oath and return into the probate court a schedule of debts. (Section 2117.16, Revised Code.) Within nine months after his appointment, every executor and administrator *shall* render an account of his administration and *shall* render further accounts at least once each year thereafter. (Section 2109.30, Revised Code.) Immediately after his appointment and throughout the administration of a trust every fiduciary, pending distribution or investment pursuant to law, *shall* deposit all funds received by him in his name as such fiduciary in one or more depositaries. (Section 2109.41, Revised Code.) A fiduciary who has funds belonging to a trust which are not required for current expenditures *shall*, unless otherwise ordered by the probate court, invest or deposit such funds within a reasonable time according to Section 2109.37, Revised Code (which lists investments in which a fiduciary having funds belonging to a trust may invest them). On failure to do so, such fiduciary *shall* account

to the trust for such loss of interest as is found by the court to be due to his negligence. (Section 2109.42, Revised Code.) Within one month after the date of his appointment, unless the probate court grants an extension of time for good cause shown, every executor or administrator *shall* make and return on oath into court a true inventory of the real estate of the deceased located in Ohio and the chattels, moneys, rights, and credits of the deceased which are to be administered and which have come to his possession or knowledge. (Section 2115.02, Revised Code.)

Accordingly, we must conclude that when a will is contested, the executor, the administrator de bonis non, with the will annexed, or the testamentary trustee not only may, during the contest, perform the acts outlined in Section 2113.21, Revised Code, but also *shall*, during such contest, perform those acts which he is commanded to perform, such as those outlined in Sections 2109.30, 2109.37 2109.41, 2115.02, 2117.02, 2117.06, 2117.11, and 2117.16, Revised Code.

There is a concluding and determinative reason why a creditor may present his claim to the executor of a decedent's estate when a petition to contest said decedent's will has been filed. When a will is contested, the executor, the administrator de bonis non, with the will annexed, or the testamentary trustee, during the contest, under the provisions of Section 2113.21 (C), Revised Code, may pay all debts of the estate. A fiduciary, obviously, cannot pay the debts until he ascertains what the debts are. A fiduciary of an estate, if the estate be testate or intestate or, if testate, if the will is contested, generally may not pay the debts due from the estate until claims have been presented and allowed as provided in Sections 2117.06, 2117.07 and other pertinent sections of the Revised Code, which, for the purpose of the instant case, do not require specific citation or review. Section 2117.15, Revised Code, authorizes the executor or administrator, after four months from the date of his appointment, to proceed to pay the debts due from the estate in accordance with Chapters 2113 to 2125, inclusive, Revised Code.

It, therefore, follows that the filing of a petition to contest a decedent's will does not suspend or extend the time in which

a creditor shall present his claim to the executor of said decedent's estate under the provisions of Sections 2117.06 and 2117.07, Revised Code.