In re Estate of Herron, Deceased.

[Cite as In re Estate of Herron, 21 Ohio Misc. 212.]

(No. 261430—Decided April 17, 1968.)

Probate Court of Hamilton County.

*Messrs. Goodman & Goodman,* for Samuel Jukelson, administrator of the estate of Morris Ukelson, deceased.
*Mr. John H. More* and *Messrs. McCaslin, Imbus & McCaslin,* for executrix.

Davies, J. This matter came before the court upon the petition, filed March 6, 1968, of the administrator of the estate of Morris Ukelson, deceased, "to allow presentation of claim pursuant to Sections 2117.06 and 2117.07 of the

Revised Code of Ohio" against the estate of James E. Herron, deceased.

The testimony disclosed that the administrator, on July 11, 1966, had filed a suit in the Hamilton County Common Pleas Court against James E. Herron and Thomas Insko claiming that these two defendants were liable for damages for causing the death of Morris Ukelson on August 11, 1964.

James E. Herron died testate on November 5, 1966, a resident of Hamilton County, Ohio, and his will was admitted to probate and letters testamentary issued to Mary M. Herron, as executrix, in that county on June 26, 1967.

On July 6, 1967, counsel for James E. Herron filed an entry in the Common Pleas Court case stating "that the said James E. Herron, died on November 5, 1966, and that this notice of said death was filed—in accordance with Section 2313.31, Ohio Revised Code," and a copy of this entry was mailed to counsel for the Morris Ukelson estate on the same date.

On July 7, 1967, counsel for the Herron estate notified, by letter, counsel for the Ukelson estate that "Letters of Administration" were issued to Mary M. Herron "as Executrix of the Last Will and Testament of James E. Herron, deceased," and that "the letters were issued on June 22, (sic) 1967."

It was held in *In re Estate of Clark*, 11 Ohio Misc. 103, that "Where the regularly appointed attorney for the executor of an estate within four months after the appointment of such executor receives a statement of claim for services with an accompanying affidavit addressed to the executor of the estate, and where such attorney acknowledges the receipt of the claim and affidavit against said estate, signing said acknowledgment as attorney for the executor and returns that claim to the attorney for the claimant as acting within the scope of his authority, (and) his act in accepting the claim is the acceptance by the executor, acting through his legally appointed attorney."

We believe, based upon the reasoning of the court in the *Clark case*, that the notice given by letter sent by the

attorneys of record for James E. Herron to the attorneys of record for the estate of Morris Ukelson, deceased, in the action pending in the Common Pleas Court, constituted notice to the administrator of the estate of Morris Ukelson, deceased, that James E. Herron had died and that an executrix had been appointed for his estate.

The administrator of the Ukelson estate, therefore, had notice of the death of James E. Herron and of the appointment of the executrix of the Herron estate in sufficient time to present a claim within the period provided in Section 2117.06, Revised Code, which provides that "creditors * * * shall present their claims to the executor or administrator * * * within four months after the date of the appointment of the executor or administrator * * *."

The administrator of the Ukelson estate contends that "this claim is within four months because the time in a pending action commences with the filing by the fiduciary, pursuant to Section 2117.06 of the Revised Code: 'Such executor or administrator shall file a notice of his appointment in such pending action within ten days after acquiring such knowledge,' " and believes that "if a petition is necessary under Section 2117.07 of the Revised Code on claims after four months, the specific ground in Paragraph (B) applies because 'The claimant's failure to present his claim was due * * * to any wrongful act or statement on the part of the executor or administrator or his attorney,'." The administrator further argues that "it would seem clear that the mandatory duty in Section 2117.06, Revised Code, that the administrator 'shall file a notice' is a wrongful act on the part of the administrator."

Section 2117.06, Revised Code, does provide that "* * * In the event the executor or administrator has actual notice of a pending action commenced against the decedent prior to his death in a court of record in this state, such executor or administrator shall file a notice of his appointment in such pending action within ten days after acquiring such knowledge. * * *."

Section 2311.31, Revised Code, provides that "upon the death of a defendant in an action wherein the right, or any

part of it, survives against his personal representative, the revivor shall be against him. It shall be the duty of the attorney of record for the defendant in any action commenced prior to the death of such defendant and pending on the date of death in a court of record in this state, if he has actual knowledge of the death of such defendant, to file a notice of death in the pending action stating the fact of death and the date of its occurrence. Such notice shall be filed within ten days after the attorney acquires such actual knowledge of the defendant's death and a copy of the notice shall be served upon the attorney of record for the plaintiff. An action for the recovery of money pending at the death of the defendant shall not be revived against the executor or administrator as provided in Sections 2311.21 to 2311.37, inclusive, Revised Code, unless written notice of the application or proceedings for such revivor is given to the executor or administrator within the time provided for the presentation of claims by creditors in Section 2117.06 of the Revised Code. The revivor may also be against the heirs or devisees of the defendant, or both, when the right of action, or any part of it, survives against them.''

Section 2117.07, Revised Code, provides that ''* * * anyone having a claim against an estate who fails to present his claim to the executor or administrator within the time prescribed by law may file a petition in the probate court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing and at least five days before the date of the hearing the claimant shall give written notice thereof to the executor or administrator and to such other parties as the court may designate. The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

''(A) That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06 of the Revised Code;

"(B) That the claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney; * * *."

A petition for leave to file a claim against a decedent's estate under Section 2117.07, Revised Code, will not be allowed if the claimant knew of the appointment of the executor or administrator in sufficient time to present his claim within the statutory time provided in Section 2117.06, Revised Code. *In re Estate of Young*, 174 Ohio St. 516; *Redifer Bus Co.* v. *Lumme, Admr.*, 171 Ohio St. 471; *In re Estate of Marrs*, 158 Ohio St. 95; *In re Estate of Miller*, 98 Ohio App. 445. The purpose of Sections 2117.06 and 2117.07, Revised Code, requiring, with some exceptions, the filing of claims within four months after the appointment of the administrator or executor, is to promote the prompt and expeditious settlement of estates of decedents, and the designation of the statutes as nonclaim statutes or statutes of limitation is not important. *In re Estate of Natherson*, 102 Ohio App. 475.

In *Miller* v. *Andre*, 167 Ohio St. 83, a motion was made by a defendant to dismiss the plaintiff's motion for a conditional order of revivor for the reason that the latter motion had not been filed within four months from the date of the appointment of the executrix. The court held that "where an action for money is instituted, and the defendant therein files an answer and thereafter dies, the law does not require a further presentation of the claim to an executor or administrator of the deceased defendant in order to revive such action." The court in arriving at this decision also held that "where written notice of the application or proceedings for revivor is not given within four months from the date of the appointment of the executor or administrator, as provided in Sections 2311.31 and 2117.06, Revised Code, but where the Probate Court pursuant to Section 2117.07, Revised Code, extends the time for presentation of a claim, such notice, if given within

the extended time, is timely given," but in this case the petitioner did not have notice of the decedent's death or of the appointment of the executrix in sufficient time to present his claim within the period prescribed by Section 2117.06, Revised Code.

In the instant case, the failure of the administrator of the Ukelson estate to present his claim within the period prescribed by Section 2117.06, Revised Code, was not "due to any wrongful act or statement on the part of" the executrix of the estate of James E. Herron, deceased, or her attorneys, and the administrator did have actual notice of the decedent's death and of the appointment of the executrix in sufficient time to present his claim within the period prescribed by Section 2117.06, Revised Code.

Under these circumstances this court is without authority to permit the administrator of the estate of Morris Ukelson, deceased, to present his claim to the executrix of the estate of James E. Herron, deceased, after the expiration of the four-month period set forth in Section 2117.06, Revised Code, and the relief sought in the plaintiff's petition, therefore, must be denied.