MITCHELL, APPELLANT, *v.* WHITAKER ET AL., APPELLEES.

(No. 51409 — Decided December 22, 1986.)

*Eugene Sidney Bayer Co., L.P.A.,* and *John L. Sayler,* for appellant Yolanda Mitchell.

*Ben Sheerer,* for appellee William T. Whitaker et al.

MARKUS, C.J. This is the plaintiff's second lawsuit after an automobile allegedly struck her as she crossed a street. In her first case, she claimed that M.J. Turner injured her, because a police report gave that name for the car's owner without identifying the driver. Her lawyer concluded that the owner was the driver. The plaintiff knew that the driver was a man. However, M.J. Turner is a woman, and her son was driving that day. Consequently, the court granted M.J. Turner's summary judgment motion and dismissed the plaintiff's personal injury case.

The plaintiff then sued the owner (M.J. Turner) and the owner's lawyer, claiming that they fraudulently misled her to believe she sued the proper party. She had discovered her error after the statute of limitations barred her action against the owner's son. At the close of the plaintiff's evidence, the court directed verdicts for the defendants, the car's owner and the owner's lawyer. The plaintiff appeals, arguing that her evidence demonstrated the defendants' liability for common-law fraud and for violating Civ. R. 11. We reject those contentions and affirm the trial court's judgment.

I

The plaintiff's first two assignments of error assert that her evidence supported her fraud claim. There was no evidence that the defendant-owner ever communicated with the plaintiff, so the owner's liability depended entirely on alleged communications by the owner's lawyer. The evidence also established that the owner's lawyer had no contact with the plaintiff or her counsel before the plaintiff filed her personal injury case. The plaintiff argued that the owner's lawyer misrepresented the owner's involvement (a) by failing to disclose that the plaintiff had sued the wrong party, and (b) by making misleading statements during negotiations and in the owner's pleading.

The plaintiff contends that the owner's lawyer misled her by using masculine pronouns for M.J. Turner in the owner's answer. The plaintiff's complaint alleged that M.J. Turner was the driver and that "*he* negligently drove *his* vehicle against plaintiff" (emphasis added). The owner's answer replied:

"[T]he Defendant, by and through *his* attorney, and for *his* answer to the Complaint in the above captioned cause, denies the allegations contained in paragraph[s] 1 and 2 therein." (Emphasis added.)

The plaintiff claims that the owner's lawyer misled the plaintiff's lawyer during two pretrials and a telephone conversation. According to the plaintiff's evidence, the owner's lawyer denied that the owner struck the plaintiff and suggested that the plaintiff feigned an impact. However,

the owner's lawyer neither agreed that the owner drove the car, nor disclosed that she was not the driver. The plaintiff's counsel conducted no discovery to confirm the driver's identity.

The plaintiff's evidence failed to demonstrate any actionable fraud. A fraud claim asserts a misrepresentation that is material to a transaction and induces reasonable reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St. 3d 69, 23 OBR 200, 491 N.E. 2d 1101, paragraph two of the syllabus; *Friedland v. Lipman* (1980), 68 Ohio App. 2d 255, 260, 22 O.O. 3d 422, 426, 429 N.E. 2d 456, 459. Ordinarily, litigation adversaries are not engaged in a transaction where they seek to encourage each other's reliance. Our adversary system presumes that litigants attempt to persuade the tribunal rather than their opponents. Thus, a litigant should not easily rely on an opponent's failure to clarify or disclose facts in adversarial litigation. Cf. *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App. 3d 112, 116, 11 OBR 166, 171, 463 N.E. 2d 417, 422; *In re Estate of Miller* (1954), 98 Ohio App. 445, 448, 57 O.O. 481, 482, 129 N.E. 2d 838, 839-840.

In this case, there was no evidence that the plaintiff's reliance on her adversary's representations was reasonable. Her counsel conducted no discovery and virtually no investigation to confirm the proper party's identity. A litigation participant's false statements may justify relief from a resulting judgment, pursuant to Civ. R. 60(B)(3). They may also subject an offending lawyer to disciplinary sanctions. See DR 7-102(A)(5) and (7); and Civ. R. 11. They do not justify liability absent reasonable reliance.

## II

The plaintiff's third assignment of error asserts that the defendant lawyer is liable for violating Civ. R. 11.

The rule provides that a lawyer's signature on a pleading certifies "that to the best of his knowledge, information, and belief there is good ground to support it," and that for "willful violation of this rule an attorney may be subjected to appropriate action."

However, that rule has no application here. It authorizes a court to impose sanctions in the course of an action under its supervision. Those sanctions might include an order to reimburse expenses which an adversary incurred to meet unjustified pleadings. Cf. *Stevens v. Kiraly* (1985), 24 Ohio App. 3d 211, 213-215, 24 OBR 388, 390-392, 494 N.E. 2d 1160, 1163-1165; and *Leinweber v. Cox* (App. 1983), 5 OBR 172, 173. However, they will not subject the signer to liability for the adversary's cause of action. The rule does not create an independent cause of action cognizable in a separate suit. Cf. *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St. 3d 65, 67, 15 OBR 159, 161, 472 N.E. 2d 350, 352, at fn. 1.

The court properly directed verdicts for the defendants. After construing the evidence most strongly in the plaintiff's favor, reasonable minds would necessarily find for the defendants. See Civ. R. 50(A)(4); *Fricker v. Stokes* (1986), 22 Ohio St. 3d 202, 205, 22 OBR 354, 357, 490 N.E. 2d 577, 580. We overrule the plaintiff's three assigned errors and affirm the trial court's judgment.

*Judgment affirmed.*

MITROVICH, J., concurs.

ANN MCMANAMON, J., concurs in judgment only.

MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment in the Eighth Appellate District.