DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a dismissal of a legal malpractice case for failure to state a claim upon which relief may be granted.
 {¶ 2} In 1994, appellant, Shawn Caston, retained appellee, attorney K. Ronald Bailey, to defend him against multiple charges, including aggravated murder and attempted aggravated murder. In his initial complaint in this matter, appellant alleged that, in the course of appellee's representation of him, appellee failed to timely move to suppress certain incriminating evidence and, without appellant's consent, conceded a key point in the opening statement. According to appellant, as the result of theses acts, he was convicted and sentenced to an indeterminate prison term of from 30 years to life. Even though appellant's sentence was later vacated because of appellee's ineffective assistance of counsel, appellant nonetheless served five and one-half years imprisonment, according to his complaint.
 {¶ 3} When, on April 1, 2002, appellant sued appellee for legal malpractice, appellee responded with a motion to dismiss, pursuant to Civ.R. 12(B)(6). Appellee asserted that the suit was barred by Ohio's one year statute of limitations for legal malpractice claims, R.C. 2305.11(A). Appellant responded to appellee's motion by amending his complaint to allege that appellee had fraudulently concealed his malpractice until it was eventually discovered, "[o]n or about February 1, 2002 ***."
 {¶ 4} The trial court granted appellee's motion pursuant to Civ.R. 12(B)(6), noting that appellant raised the same allegations found in his amended complaint in an application for reopening appeal in 1997. Since the 1997 pleading was more than four years before the present claim, the trial court concluded, even a fraud action was barred by the statute of limitations for that claim. See R.C. 2305.09(C). From this order of dismissal, appellant now brings this appeal. In two assignments of error, appellant asserts that the trial court erred in its analysis when it dismissed the case and, in any event, dismissal was not "sustained by the weight of the evidence."
 {¶ 5} As the Supreme Court of Ohio has recently noted inCincinnati v. Beretta U.S.A. Corp, 95 Ohio St.3d 416, 2002-Ohio-2430 at ¶ 5, the standard for granting a motion to dismiss a claim pursuant to Civ.R. 12(B)(6) is " straight forward." It must appear beyond a doubt from the complaint that a plaintiff can prove no set of facts entitling the plaintiff to relief. Id., citing O'Brien v. Univ. Comm. TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus. All factual allegations in the complaint must be presumed true and all reasonable inferences must be made in favor of the non-moving party. If there is any set of facts alleged in the complaint which would allow a plaintiff to recover, dismissal is improper. Id. The trial court cannot consider matters outside the complaint itself. State ex. rel Scanton v. Deters (1989),45 Ohio St.3d 376, 377.
 {¶ 6} Appellant points out that there is no reference in the complaint to his 1997 application for reopening and argues that the trial court's reliance on this document was erroneous in a Civ.R. 12(B)(6) context. This is correct; however, we are not authorized to reverse a correct judgment merely because it was based on erroneous reasons. Joycev. G.M.C. (1990), 49 Ohio St.3d 93, 96.
 {¶ 7} Appellant's complaint, as amended, only contains three dates. Appellee was retained for appellant's defense in June 1999; on or about February 1, 2002, appellant discovered that appellee had fraudulently concealed his malpractice; and, on October 13, 1999, appellant's conviction was "reversed" by the United States District Court.[1] The complaint also states that appellant was incarcerated for five and one-half years as the result of appellee's alleged malpractice.
 {¶ 8} Under R.C. 2305.11(A), a legal malpractice action accrues and the statute of limitations begins to run when there is a "cognizable event" whereby the client discovers or should discover that his injury was related to his or her attorney's inferior performance or at the end of the attorney-client relationship, whichever is later. Zimmie v.Calfee, Halter and Griswold (1989), 43 Ohio St.3d 54, 57. A felony conviction is a "cognizable event." Collins v. Morgan (Nov. 16, 1995), Cuyahoga App. No. 68680. Since appellant was incarcerated for a period of five and one-half years, we can reasonably infer that his conviction was at least five and one-half years prior to this complaint. We do not know exactly when the attorney-client relationship was dissolved from the face of the complaint; however, we may again reasonably infer that it was sometime prior to the Federal Court's "reversal" of appellant's conviction in October 1999. Even using this later date, appellant's 2002 complaint was beyond the one year statute of limitations for malpractice.
 {¶ 9} Concerning the four year statute of limitations applicable to fraud, it has been held that "***only where fraud is the ground or the gist of the action***" will that statute apply. In re estate ofNatherson (1956), 102 Ohio App. 475, 481. When the claim is founded in negligence or malpractice, which is the case here, the statute of limitations applicable for those claims is applied. Id. Consequently, the allegations of fraudulent concealment of malpractice does not extend the statute. Accordingly appellant's first assignment of error is not well-taken. Appellant's second assignment of error is moot.
 {¶ 10} Upon consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
[1] On a petition for federal habeas corpus, the federal court found ineffective assistance of trial counsel and ineffective assistance of appellate counsel for failing to raise on appeal trial counsel's ineffective assistance. The federal court conditionally granted the writ unless the state retried appellant within 90 days. Caston v. Mitchell
(Oct. 3, 1999), U.S. Dist. Court N.D. Ohio, Western Div. No. 3:98 CV 7099; affirmed (2001), 12 Fed. Appx. 208.