BORDER CITY SAVINGS & LOAN ASSOCIATION, APPELLANT, *v.*
MOAN ET AL., APPELLEES.

[Cite as Border City S. & L. Assn. *v.* Moan (1984), 15 Ohio St. 3d 65.]

(No. 84-296—Decided December 28, 1984.)

*Alfred J. Weisbrod Co., L.P.A., Mr. Alfred J. Weisbrod* and *Mr. William K. James,* for appellant.

*Messrs. Freund, Freeze & Arnold, Mr. Neil F. Freund* and *Mr. Patrick J. Janis,* for appellee Moan.

*Mr. Frank A. Justen, pro se,* and *Mr. Scott D. Harris,* for appellee Justen.

*Pickrel, Schaeffer & Ebeling Co., L.P.A., Mr. James E. Barnhart* and *Mr. Andrew C. Storar,* for appellee Smith.

*Per Curiam.* Appellant essentially argues that, under the liberal pleading standards of the Rules of Civil Procedure, appellant's complaint should be read as stating a cause of action against appellees for malicious prosecution. Appellees argue that appellant's failure to allege that the actions filed against appellant were instituted maliciously, without probable cause, and were terminated in appellant's favor is fatal to appellant's complaint and warrants dismissal thereof.

In *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, this court stated in paragraph one of the syllabus:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously."

Neither court below had the benefit of our decision in *Scholler, supra,* which announced the general rule of an attorney's liability to third persons. The question thus becomes whether appellant's complaint states a cause of action cognizable under the rule established in *Scholler, supra.*

Appellant's complaint alleges that appellees, by filing lawsuits against appellant, "intentionally inflicted harm upon * * * [appellant] without any excuse or justification, to * * * [appellant's] damage." An action for malicious prosecution or abuse of process "may be maintained where a proceeding is carried on maliciously and without probable cause." *Diehl* v. *Friester* (1882), 37 Ohio St. 473, 475; *Brinkman* v. *Drolesbaugh* (1918), 97 Ohio St. 171, 181. As it was stated in *Pope* v. *Pollock* (1889), 46 Ohio St. 367, 370:

"It is a wrong to disturb one's property or peace; and to prosecute one maliciously, and without probable cause, is to do that person a wrong. * * * The burden of establishing both malice and want of probable cause will prove a sufficient check to reckless suits of this character. When the plaintiff sets the law in motion, he is the cause, if it be done groundlessly and maliciously, of defendant's damage * * *."

It is well-established that a court may not dismiss a complaint for failure to state a claim upon which relief can be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], syllabus; *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106, 108 [22 O.O.3d 332]; *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, 610-611 [23 O.O.3d 504]; *Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128, 129.

Bearing in mind that Civ. R. 8(A)(1) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," we hold that appellant's complaint is sufficient to avoid a motion to dismiss under Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted. *Scholler* establishes that an attorney may be liable to third persons if the attorney acts maliciously. Further, appellant's complaint does allege intentionally inflicted harm as a result of the numerous lawsuits commenced by appellees. It will be incumbent upon appellant to establish that these lawsuits were instituted maliciously, without probable cause, and, as a general rule, were terminated in appellant's favor. Nonetheless, it does not render appellant's complaint fatally defective and subject to dismissal that each element of its cause of action was not set forth in the complaint with crystalline specificity.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.[1]

*Judgment reversed and
cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES and J. P. CELEBREZZE, JJ., concur.

LOCHER and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The complaint in this case does not state a claim for relief against defendants for malicious prosecution for the following reasons.

In order for the complaint to state a good cause of action warranting relief for malicious prosecution, the plaintiff must allege four essential elements: (1) malicious institution by defendant of prior proceedings against plaintiff, *Woodruff* v. *Paschen* (1922), 105 Ohio St. 396; (2) lack of probable cause, *Melanowski* v. *Judy* (1921), 102 Ohio St. 153, paragraph one of the syllabus, and 52 American Jurisprudence 2d (1970) 226, Malicious Prosecution, Section 64; (3) termination of the prior proceedings in plaintiff's favor, *Levering* v. *National Bank* (1912), 87 Ohio St. 117; and (4) seizure of plaintiff's person or property during the course of the prior proceedings, *Woyczynski* v. *Wolf* (1983), 11 Ohio App. 3d 226, paragraph one of the syllabus, and *Battig* v. *Forshey* (1982), 7 Ohio App. 3d 72, paragraph two of the syllabus.

The only wrongful acts alleged in the complaint in this case are that defendants "by filing lawsuits on behalf of *Kennecorp Enterprises, Inc.*" and others "intentionally inflicted harm upon the plaintiff without any excuse or justification, to plaintiff's damage." These excerpted allegations fulfill only the first element of four enumerated above, namely, malicious institution by defendant of prior proceedings against plaintiff, and do not allege or even give rise to an inference that the remaining three essential, designated elements exist, namely, lack of probable cause, termination of the prior proceedings in plaintiff's favor, and seizure of the person or property of plaintiff.

---

[1] Appellant also urges this court to recognize a cause of action predicated upon appellees' alleged failure to comply with Civ. R. 11, which states that an attorney may be subjected to appropriate action for, as an example, violating the rule by signing a groundless complaint. We agree with the court of appeals that the "appropriate action" referred to in the rule is simply a reference to a disciplinary proceeding brought under the Rules for the Government of the Bar of this court and does not provide the basis for a civil action against the attorney who violates this rule. As the Staff Notes to Civ. R. 11 state:

"A wilful violation of Rule 11 by an attorney may subject him to appropriate court disciplinary action."

The recent case of *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, and paragraph one of the syllabus thereof, are entirely irrelevant to the issue in the present *Border City* case. *Scholler* did not involve a malicious prosecution action, and did not consider the essential elements of such an action. Instead, *Scholler* was an action by a former wife as plaintiff, on behalf of herself and her minor son, against her former husband, Michael Scholler, and her own attorney, Thomas Willoughby, seeking damages for fraud incident to misrepresentations concerning financial affairs in a prior dissolution of marriage proceedings between the Schollers. The action against defendant attorney Willoughby was on the theory of legal malpractice, as is evident from the *Scholler* opinion, at 102, as follows:

"The second issue is whether Alyce Scholler on behalf of Philip Scholler may maintain an action against Willoughby in malpractice even though Philip is a third party to the attorney-client relationship that existed between Willoughby and Alyce Scholler."

*Scholler* in no way affects the above-cited legal precedents in Ohio which require the four essential elements discussed above to be pleaded and proved in a malicious prosecution action. Finally, *Scholler* did not consider the sufficiency of a complaint to state a cause of action in malicious prosecution, or otherwise, when challenged by a motion to dismiss, as was done here by defendants Moan and others. Our holding today is, therefore, without precedent. It is, moreover, a judicial aberration.

The majority opinion states:

"* * * An action for malicious prosecution or abuse of process 'may be maintained where a proceeding is carried on maliciously and without probable cause,' * * *" citing three cases, *Diehl* v. *Friester* (1882), 37 Ohio St. 473, 473-475; *Brinkman* v. *Drolesbaugh* (1918), 97 Ohio St. 171, 181; and *Pope* v. *Pollock* (1889), 46 Ohio St. 367, 370. Careful examination of these three cited cases reveals no support for that broad proposition of law.

*Diehl, supra,* was an action for false imprisonment, not malicious prosecution, by a party imprisoned for nonpayment of a fine imposed upon him for an alleged contempt of court in disregarding an injunction not authorized by law. The plaintiff in *Diehl* sued the party causing the imprisonment.

*Brinkman, supra,* also involved a false imprisonment action, not malicious prosecution.

*Pope, supra,* held that an action may be maintained for maliciously and without probable cause instituting and prosecuting an action in forcible entry and detainer. The plaintiff in *Pope* charged in his complaint that he had successfully defended two forcible entry and detainer actions brought by the defendant, *i.e.,* both actions terminated in verdicts in favor of Pope. The issue in *Pope* is framed at 368 as follows:

"Will the prosecution of a suit in forcible entry and detainer, which results in a verdict for the defendant, where the same is prosecuted

maliciously, and without probable cause, afford ground for an action in the nature of a suit for malicious prosecution? — is the question in this case."

Unlike *Pope, supra,* the complaint of Border City makes no statement alleging or raising an inference that the prior civil actions filed by defendants terminated in favor of Border City.

Unlike *Border City* where there was no alleged interference with plaintiff's person or property, in each of the *Diehl* and *Brinkman* cases, *supra,* the action was for false imprisonment, and there was a definite seizure of plaintiff's person. The significant difference between a false imprisonment action and a malicious prosecution action is explained in *Brinkman, supra,* at paragraph two of the syllabus as follows:

"False imprisonment *per se* is not concerned with good or bad faith, malicious motive or want of probable cause on the part of the prosecuting witness, or the officer causing the imprisonment. If the imprisonment was lawful, it is not the less lawful that any or all of the foregoing elements existed. These elements relate to an action of malicious prosecution, but are not essential to an action in false imprisonment." (Emphasis deleted.)

Also, unlike the present case, the *Diehl, Brinkman* and *Pope* cases were not concerned with actions against any attorneys as defendants. These three cited cases set no standard of liability for attorneys prosecuting civil actions on behalf of their clients.

For these reasons I dissent. The appellate court should be affirmed.

LOCHER, J., concurs in the foregoing dissenting opinion.