KELLY, APPELLANT, *v.* WHITING, JUDGE, ET AL., APPELLEES.

CELEBREZZE, C.J., concurring. I write additionally concerning the majority's discussion of the elements of the tort of malicious prosecution.

Recently, this court set forth in succinct clarity the three necessary elements of malicious prosecution in the *per curiam* opinion of *Border City S. & L. Assn.* v. *Moan* (1984), 15 Ohio St. 3d 65. We observed that in order to prove the tort of malicious prosecution, "[i]t will be incumbent upon appellant to establish that these lawsuits were instituted maliciously, without probable cause, and, as a general rule, were terminated in appellant's favor." *Id.* at 66.

In the cause *sub judice,* the opinion correctly sets forth these three basic components. However, the majority then appears to implicitly adopt an additional element that a plaintiff demonstrate a seizure of his or her person or property during the course of the prior proceedings.

While some courts have adopted such a fourth element, see dissent in *Border City, supra,* at 67, in my opinion the seizure of property or person merely concerns the extent of the plaintiff's damage, and its absence is not a bar to bringing an action. A contrary analysis could leave severely injured parties without a remedy and may in fact encourage tortfeasors to file malicious litigation knowing they are safe from recourse so long as they do not seize property or have their victim arrested.

I feel certain such is not the message this court intends to convey. I, therefore, concur based on the reasoning set forth by the majority in *Border City, supra.*