ANDERSON, APPELLEE, *v.* OHIO STATE MEDICAL BOARD, APPELLANT.

[Cite as Anderson *v.* Ohio State Medical Bd. (1990), 49 Ohio St. 3d 601.]

(No. 88-1707—Submitted November 8, 1989—Decided February 7, 1990.)

*Roth & Rolf Co., L.P.A.,* and *Sheila P. Cooley,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Christopher M. Culley* and *Cheryl J. Nester,* for appellant.

This appeal is dismissed, *sua sponte,* as having been improvidently allowed.

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., dissents.

MOYER, C.J., dissenting. I respectfully dissent from the majority's decision to dismiss this appeal as being improvidently allowed. The effect of today's ruling affirms the judgment of the court of appeals and results in a remand of the cause to the trial court on an issue which is moot.

Plaintiff-appellee, Roger D. Anderson, studied medicine at St. George's University School of Medicine from which he graduated in May 1983. Shortly thereafter, he began an internship at Riverside Methodist Hospital in Columbus. In June 1983, Anderson filed an application with defendant-appellant, Ohio State Medical Board, for a one-year temporary certificate in order to pursue his internship at Riverside. This certificate was only "for the period of June 27, 1983 to June 30, 1984 [*sic*]." In August 1983, the board notified Anderson that his application would be denied since he had not completed one academic year of supervised clinical training in a hospital affiliated with an approved medical school.

A hearing was conducted before a hearing officer who recommended that the certificate be denied until the board could decide whether St. George's met the standards for accredited medical schools in the United States. The board reviewed the referee's report and adopted his recommendation. In November 1984, plaintiff filed a notice of appeal in the Court of Common Pleas of Franklin County, which affirmed the board's order in a decision rendered in March 1986 — nearly two years after the period covered by the temporary certificate requested by Anderson. Upon Anderson's motion for reconsideration,[1] the trial court modified its original ruling and ordered the board to issue a temporary certificate to Anderson.

It was from this decision that the Ohio State Medical Board appealed to the Court of Appeals for Franklin County.

Under the federal Administrative Procedure Act, where a licensee has made a timely application for renewal or a new license, no license shall expire until such application shall have been finally determined by the agency. Section 558(c), Title 5, U.S. Code. Similarly in R.C. 119.121, expiration of license involved in an appeal; procedure, "[i]f during an appeal the existing license shall expire the court in its order" shall order a license renewed upon payment of the prescribed fee if the court rules in favor of the aggrieved licensee.

This case does not concern the federal Administrative Procedure Act. Nor does R.C. 119.121 apply because at the time the cause was appealed to the court of common pleas, no license had been issued or previously approved that could or would expire during the pendency of the appeal.

---

[1] Reconsideration was based on a recently released opinion of the Court of Appeals for Franklin County, *Hyde* v. *State*

*Medical Bd.* (1986), 33 Ohio App. 3d 309, 515 N.E. 2d 1015.

In order for a case to be reviewed by an appellate court, the cause must present an issue or controversy that remains to be resolved, see *Storer* v. *Brown* (1974), 415 U.S. 724, 737, at fn. 8, or it must involve matters of public or great general interest thereby vesting the court with jurisdiction to entertain the appeal. See *Franchise Developers, Inc.* v. *Cincinnati* (1987), 30 Ohio St. 3d 28, 30 OBR 33, 505 N.E. 2d 966; *State, ex rel. Rudes,* v. *Rofkar* (1984), 15 Ohio St. 3d 68, 15 OBR 163, 472 N.E. 2d 354.

The instant cause is moot: first, because the temporary license in dispute was only for the year 1983-1984 and would have been valid only for the *one* year it was intended to cover. R.C. 4731.291(B). It may be renewed as the court of appeals suggests, upon proper application, but here there was no license granted that could have been renewed. Anderson had not made application for permanent licensure at the time the issue was before the board, nor was further request for temporary licensure filed for any subsequent period. Remand for consideration of an application for temporary license good only for the year 1983-1984 is an exercise in futility.

For this reason, I would reverse the judgments of the court of appeals and trial court, and dismiss the appeal.