GORDON FOOD SERVICE, INC. Appellee and Cross–Appellant,

v.

HOT DOG JOHN'S, INC., Appellant and Cross–Appellee.

[Cite as *Gordon Food Serv., Inc. v. Hot Dog John's, Inc.* (1991), 76 Ohio App.3d 105.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–293.

Decided Oct. 25, 1991.

*Susan Hartman Muska,* for appellee and cross-appellant.

*Lawrence Gibson,* for appellant and cross-appellee.

ABOOD, Judge.

This is an appeal and cross-appeal from a judgment of the Sylvania Municipal Court which awarded sanctions, in the form of attorney fees, to appellee and its attorney against appellant and its attorney.

Appellant sets forth two assignments of error in support of its appeal:

"I. The trial court erred in imposing sanctions, i.e. Plaintiff's attorney fees, against Defendant and Defendant's counsel based on Ohio Rules of Civil Procedure, Rule 11, by finding that the Answer filed by the Defendant in the

said action was a sham pleading because such a finding is contrary to the weight of the evidence.

"II. The trial court erred in imposing sanctions, i.e. attorneys fees, against Defendant and Defendant's counsel based upon a finding under Ohio Rules of Civil Procedure, Rule 11, because the Ohio Rules of Civil Procedure, Rule 11, does not give such power to the trial court and the Order is therefore contrary to law."

Appellee sets forth three assignments of error in support of its cross-appeal:

"1. The trial court erred as a matter of law in concluding that defendant's filing of a request for a garnishment hearing was not a violation of Civil Rule 11 because the request did not constitute a 'pleading' within the ambit of Civil Rule 11, and further erred in not imposing sanctions under its inherent power to supervise members of the bar appearing before it.

"2. The court erred as a matter of law in concluding that no violation of O.R.C. § 1701.93 by defense counsel had occurred.

"3. The amount of the judgment was inadequate and against the manifest weight of the evidence and contrary to law."

Neither party has filed an answer brief to the assignments of error set forth by the other party.

## I. FACTS

This case arises from a $604.56 debt and is before this court on a $125 award of attorney fees. The undisputed facts that are relevant to the issues raised by these appeals are as follows. On June 23, 1989, appellee, Gordon Food Services, Inc., delivered goods to appellant, Hot Dog John's Inc., and appellant executed and delivered a check to appellee for the goods in the amount of $604.56. Thereafter, the check was twice dishonored when presented for payment. On November 16, 1989, appellant's attorney, Lawrence Gibson, sent a letter to appellee's attorney, Susan Hartman Muska, in response to her request for payment on behalf of her client, in which he stated "I regret to advise that Hot Dog John's, Inc. is defunct. It closed its doors several months ago." Muska subsequently learned that the business had been sold to Robert R. Gillen in June 1989 and that Gillen was making monthly installment payments to appellant in the amount of $1,340.17 pursuant to a purchase contract and cognovit promissory note. On December 18, 1989, Muska sent a letter to Gibson requesting that his client authorize Gillen to pay appellee the money that appellant owed for the goods out of the next monthly installment. On January 10, 1990, not having received a response

from Gibson, appellee filed a complaint in the Sylvania Municipal Court which alleged that on June 23, 1989, it sold and delivered goods to appellant, that appellant paid for the goods by a negotiable instrument, that the instrument was presented and dishonored, that appellant neglects and refuses to pay for the goods and demanded judgment in the amount of $604.56 plus interest. On January 17, 1990, appellant filed an answer signed by Gibson which stated that it "denies each and every allegation of the Plaintiff's Complaint." On February 2, 1990, appellee filed a motion for summary judgment along with an affidavit of Kirk Talbert, Credit Manager for appellee, an account/credit application completed by appellant and a copy of the dishonored check. That motion was not opposed and, on March 14, 1990, the trial court granted appellee's motion for summary judgment. On March 27, 1990, appellee brought garnishment proceedings to attach a portion of the monthly installment due appellant from Gillen. On March 30, 1990, Gibson sent a letter to Muska, in which he stated that "Hot Dog John's, Inc. ceased operations and has no assets. The note from Robert R. Gillen was assigned long ago to the principals." On April 2, 1990, Gillen answered the garnishment stating that he has $695.40 of appellant's money under his control and in his possession and paid the money to the court, which held it pending hearing. On that same day, a request for hearing on the garnishment was filed by Gibson on behalf of appellant, which stated:

"Plaintiff has a judgment against Hot Dog John's, Inc. The note on which Respondent is making installment payments has been assigned by Hot Dog John's, Inc. to a third party who is entitled to receive the payments. The third party does not have an obligation to the Plaintiff herein."

Gibson also filed a document dated June 28, 1989, entitled "ASSIGN-MENT," in which appellant, by Bernard C. Westfall, as officer of appellant, assigned the note to Bernard C. Westfall and Christine Westfall. The garnishment hearing was scheduled to take place on April 20, 1990, at 10:00 a.m. but, because the trial court was required to deal with its criminal docket first, the hearing was not called until 12:00 noon. Muska remained in the courthouse until the hearing was called, but Gibson left the courthouse without asking for a continuance. Prior to calling a hearing, the trial court telephoned Gibson at his office to inform him that the hearing would be held at noon and Gibson stated that he would not be present. On that same day, after holding a hearing in Gibson's absence, the trial court filed its judgment entry ordering that $695.40 held by Gillen be disbursed to appellee. On May 16, 1990, appellee filed a motion for sanctions in the form of attorney fees against appellant and/or Gibson. On May 24, 1990, appellant filed a memorandum in opposition to appellee's motion for sanctions. On June 13, 1990, the trial court held a hearing on appellee's motion for sanctions and on August

20, 1990, the trial court filed its decision and judgment entry, in which it found, preliminarily, that:

"Plaintiff in this cause is seeking sanctions against defendant and its counsel for the following alleged acts of misconduct by defendant's counsel:

"(1) Filing of a sham pleading in the form of an answer generally denying all averments in plaintiff's complaint.

"(2) Requesting in bad faith a hearing disputing plaintiff's rights to garnish moneys assigned by defendant to a third party.

"(3) Making materially false statements regarding the defendant's corporate status and financial condition in letters of November 16, 1989 and March 30, 1990 to plaintiff's counsel.

"Plaintiff posits that all of the cataloged acts constitute frivolous conduct as defined in Subdivisions A(2)(a) & (b) of Section 2323.51, Revised Code. It additionally claims that the acts set forth in (1) and (2) above violate Civil Rule 11, and those recited in (3) above violate Section 1701.93, Revised Code."

As to the first alleged act of misconduct, the trial court found:

"Coupling the above acts and omissions with the failure of defense counsel to respond to plaintiff's counsel's letter of December 18, 1989, and to initially inform her of the reasons why his client was neither liable nor collectible impels the conclusions that the answer was a sham pleading, good in form but false in fact and not pleaded in good faith (75 *O Jur.3d.* Pleading, Sec. 387) interposed for delay, serving only to harass plaintiff, and not warranted under existing law."

As to the second alleged act of misconduct, the trial court found:

(a) "Defendant's filing of a request for a garnishment hearing was not a violation of Civil Rule 11, because the request did not constitute a 'pleading' within the ambit of Civil Rule 11."

(b) "Nonetheless, under the circumstances of the case, defendant's objections to the garnishment could be construed as amounting to frivolous conduct, as defined by Section 2323.51 Rev.Code."

(c) "Although this court has found that defense counsel has indulged in frivolous conduct contrary to Section 2323.51, Revised Code, no award will be made to plaintiff by reason of such actions because of the time constraints set out in the Section 2323.51, Revised Code, Division (B)(1) * * *."

(d) "While it may be argued by defendant's counsel that such order was 'incorrect,' his arguments were advanced at the sanction hearing and thus were after the fact."

As to the third alleged act of misconduct, the trial court found:

"Without more, this court is not persuaded that any violations of Section 1701.93 by defense counsel occurred by reasons of the statements made in the second letter."

As to the amount of the award, the trial court found:

"Upon consideration of the pleadings filed herein, the affidavit and arguments of plaintiff's counsel, the court finds that plaintiff's counsel did expend at least one and two-thirds hours of time and effort in preparing and filing plaintiff's motion for summary judgment and that $75.00 per hour is a reasonable hourly rate for such labor.

"Accordingly, the court awards as a sanction the sum of one hundred twenty-five and 00/100 ($125.00) to plaintiff and its counsel, Susan Hartman Muska Esq., and against defendant and its counsel, Lawrence Gibson Esq., together with the costs for the sanction hearing."

It is from this judgment that appellant brings its appeal and appellee brings its cross-appeal.

## II. APPELLANT'S APPEAL

██ Appellant contends in its second assignment of error that the trial court does not have power, pursuant to Civ.R. 11, to award attorney fees and in its first assignment of error that, if the trial court does have such power, the award of attorney fees is against the manifest weight of the evidence. Appellant does not contend that the trial court is without authority, pursuant to Civ.R. 11, to impose sanctions against a party, as opposed to that party's attorney.

Civ.R. 11 provides:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. Similar action may be taken if scandalous or indecent matter is inserted."

In considering the possible consequences that could be imposed for a violation of Civ.R. 11, in *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 67, 15 OBR 159, 161, 472 N.E.2d 350, 352, fn. 1, the Supreme Court of Ohio stated:

"Appellant also urges this court to recognize a cause of action predicated upon appellees' alleged failure to comply with Civ.R. 11, which states that an attorney may be subjected to appropriate action for, as an example, violating the rule by signing a groundless complaint. We agree with the court of appeals that the 'appropriate action' referred to in the rule is simply a reference to a disciplinary proceeding brought under the Rules for the Government of the Bar of this court and does not provide the basis for a civil action against the attorney who violates this rule. As the Staff Notes to Civ.R. 11 state:

" 'A wilful violation of Rule 11 by an attorney may subject him to appropriate court disciplinary action.' "

It has also been found, however, that Civ.R. 11 sanctions may include an order to reimburse expenses, including attorney fees. *Leinweber v. Cox* (App.1983), 5 OBR 172, 173; *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 213–215, 24 OBR 388, 390–392, 494 N.E.2d 1160, 1163–1165.

■ As to appellant's contention that there is a conflict between *Border City* and *Leinweber* and *Stevens,* it is clear, as explained in *Mitchell v. Whitaker* (1986), 33 Ohio App.3d 170, 172, 514 N.E.2d 937, 939–940, that no such conflict exists, since Civ.R. 11:

"authorizes a court to impose sanctions in the course of an action under its supervision. Those sanctions might include an order to reimburse expenses which an adversary incurred to meet unjustified pleadings. Cf. *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 213–215, 24 OBR 388, 390–392, 494 N.E.2d 1160, 1163–1165; and *Leinweber v. Cox* (App.1983), 5 OBR 172, 173. However, they will not subject the signer to liability for the adversary's cause of action. The rule does not create an independent cause of action cognizable in a separate suit. Cf. *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 67 15 OBR 159, 161, 472 N.E.2d 350, 352, at fn. 1."

"The decision to impose sanctions pursuant to Civ.R. 11 lies within the discretion of the trial court. Absent an abuse of discretion, such decision will not be reversed." *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 65, 29 OBR 446, 447, 505 N.E.2d 966, 966.

■ Upon consideration of the foregoing, this court finds that the trial court has authority, pursuant to Civ.R. 11, to award attorney fees that are

incurred in meeting unjustified pleadings and that the trial court did not abuse its discretion in awarding attorney fees in favor of appellee and its attorney.

Accordingly, appellant's assignments of error are not well taken.

### III. APPELLEE'S CROSS–APPEAL

#### A. Discretionary Findings

In its second assignment of error on its cross-appeal, appellee contends that the trial court erred in finding that no violation of R.C. 1701.93 was committed by appellant's counsel by virtue of the letters he sent to appellee's counsel dated November 16, 1989 and March 30, 1990. As part of its third assignment of error, hereby designated part (a), appellee contends that the trial court erred in finding that $75 per hour is a reasonable hourly rate for its attorney, and that its attorney was entitled to $100 per hour. Also as part of its third assignment of error, hereby designated as part (b), appellee contends that its counsel "expended 6.5 hours in obtaining judgment against Hot Dog John's."

Upon consideration of all the evidence that was before the trial court and the law, this court finds that the trial court did not abuse its discretion in finding that no violation of R.C. 1701.93 was committed by appellant's attorney by virtue of his letters dated November 16, 1989 and March 30, 1990, in finding that $75 per hour is a reasonable hourly attorney fee rate in this case, or in limiting sanctions to one and three-quarter hours spent by appellee's attorney in preparing and filing the motion for summary judgment.

Accordingly, appellee's second cross-assignment of error and those cross-assignments of error designated as 3(a) and 3(b) are not well taken.

#### B. Rulings of Law

In its first assignment of error on its cross-appeal, appellee contends that the trial court erred in not awarding attorney fees against appellant and its counsel based on the filing of the request for garnishment hearing. In support, appellee argues that a request for a garnishment hearing is a "pleading" as the term is used in Civ.R. 11. As part of its third assignment of error, hereby designated part (c), appellee contends that an additional 3.5 hours of attorney fees should have been awarded, since its counsel spent "an additional 3.5 hours post-judgment to research statutes and case law * * * and to appear in court to defend against the objections to the garnishment action as a result of the March 30, 1990 objection."

The issue here is whether the trial court erred in finding that "a request for a garnishment hearing * * * did not constitute a 'pleading' within the ambit of Civil Rule 11."

 Civ.R. 11 clearly, as titled, pertains to "Signing of Pleadings." Pleadings include, among other things, "a complaint and an answer." Civ.R. 7(A). A complaint is the pleading that sets forth a claim for relief which commences a civil action. Civ.R. 8(A); Civ.R. 3(A). An answer is the pleading by which issue is taken with the averments of the claims for relief, or confesses and avoids them by new matter. Civ.R. 8(B); 74 Ohio Jurisprudence 3d (1987) 446, Pleading, Section 169.

Civ.R. 64 provides:

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether the remedy is ancillary to an action or must be obtained by independent action."

R.C. 2716.11 provides that:

"A proceeding for garnishment of property, other than personal earnings, may be *commenced* after a judgment has been obtained by a judgment creditor by the filing of an affidavit * * *." (Emphasis added.)

Upon the filing of a proceeding for garnishment pursuant to R.C. 2716.11, the court must schedule a hearing, issue an order to the garnishee to answer and issue a notice and hearing request form to the judgment debtor. R.C. 2716.13(A); R.C. 2716.13(C)(1). If the judgment debtor disputes the judgment creditor's right to garnish his property, he must file the request for hearing form. R.C. 2716.13(C)(2). If he does not file the request for hearing form "the hearing scheduled pursuant to division (A) of this section shall be canceled," R.C. 2716.13(C)(2), and the court shall issue an order to the garnishee to pay "based on the answer of the garnishee." R.C. 2716.13(C)(5).

 Upon consideration of the foregoing, this court finds that (1) a judgment debtor's request for a hearing pursuant to R.C. 2716.13 is a "pleading" under Civ.R. 11; (2) a trial court may, within its discretion, award attorney fees for a willful violation of Civ.R. 11 for a sham request for hearing filed pursuant to R.C. 2716.13; (3) although the trial court found that the filing of the request for hearing in this case amounts to "frivolous" conduct as defined by R.C. 2323.51, it made no finding that such conduct was "willful" pursuant to Civ.R. 11; (4) in light of the trial court's finding that "it may be argued by defendant's counsel that such (garnishment) order was incorrect," this court cannot conclude that the trial court's finding that the

filing of the request for garnishment hearing was "frivolous" amounts to a finding that such conduct is also willful; and (5) the trial court erred in failing to determine whether the filing of the request for a garnishment hearing was willful conduct in violation of Civ.R. 11. Accordingly, appellee's first cross-assignment of error and that cross-assignment of error designated as 3(c) are found well taken.

On consideration whereof, this court finds that substantial justice was done to appellant, and not done to appellee. This case is remanded to the court solely to determine whether or not the conduct of appellant's *attorney*[1] amounted to "willful" conduct in violation of *Civ.R. 11*[2] and, if so, whether and to what extent sanctions should be imposed. Costs assessed against appellant on both appeals.

*Judgment affirmed in part*
*and reversed in part.*

GLASSER and MELVIN L. RESNICK, JJ., concur.

1. The trial court does not have the power, pursuant to Civ.R. 11, to award attorney fees against a party, as opposed to that party's attorney. *Stevens, supra,* 24 Ohio App.3d at 212, 24 OBR at 389, 494 N.E.2d at 1162.

2. Appellee is precluded from raising the issue of whether the trial court has authority pursuant to its inherent power to supervise proceedings before it, for failure to raise that issue in the trial court. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 28, 13 OBR 29, 30, 468 N.E.2d 328, 330.