DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Michael D. Davie appeals an award of summary judgment in favor of defendant-appellee Kerry O'Brien and the dismissal of defendant-appellee Michael E. Carroll for failure to state a claim upon which relief can be granted. We affirm the dismissal of Carroll, but reverse and remand the summary judgment in favor of O'Brien.
 I.
In November 1992, Davie took part in a crime spree in an apartment building in Akron. Davie and two other persons entered five different apartments, beat and tortured two occupants, and stole several items of personal property. The group had at least one handgun with them. All three defendants were eventually apprehended and charged with numerous felonies, all with gun specifications.
The trials of the three defendants were severed and Davie's trial was set to occur second. The first co-defendant was tried and convicted on all counts. Davie, having heard of the conviction of his co-defendant, informed his attorney, defendant-appellee O'Brien, that he wished to pursue a plea bargain. In exchange for a no contest plea, the prosecutor, defendant-appellee Carroll, agreed to drop one count of attempted murder, one count of felonious assault, and all but one of the gun specifications. Pursuant to this agreement Davie was sentenced to thirty to seventy-five years, plus three years for the one remaining gun specification.
On August 19, 1996, Davie filed a civil complaint against his attorney, O'Brien, and the prosecutor, Carroll, alleging that they fraudulently induced him to enter into the plea bargain. The allegation of fraud is based on R.C. 2929.71(B), which states:
 If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * *, unless any of the felonies were committed as part of the same act or transaction. If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses * * *.
(Emphasis added.) Davie alleges that Carroll and O'Brien informed him that if he were convicted of all thirteen gun specifications, he would serve three years for each specification, for a total of thirty-nine consecutive years to be served prior to the sentences on the underlying felonies. However, Davie claims that, regardless of how many gun specifications he was convicted of, under R.C. 2929.71(B), he could only have been sentenced on one specification because his felonies were all part of the same act or transaction. Thus, Davie alleges, Carroll and O'Brien fraudulently misrepresented the magnitude of his potential sentence in order to induce him to agree to the no contest plea.
Davie's assignments of error have been rearranged for ease of discussion.
 II.
On October 16, 1996, Carroll moved to dismiss Davie's complaint for failure to state a claim upon which relief may be granted. On November 6, 1996, Davie filed a response to Carroll's motion to dismiss, a motion for leave to amend his complaint, and an amended complaint. On December 20, 1996, without ruling on Davie's request to amend his complaint, the trial court granted Carroll's motion to dismiss.
Davie's fourth assignment of error challenges this dismissal: "The trial court abused its discretion by not granting the plaintiff leave to amend his complaint before it granted the defendant Michael E. Carroll's motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Civil Rule 12(b)(6)." After examining Davie's amended complaint, we conclude that a dismissal would have been appropriate even if leave to amend had been granted. Thus, any error in denying leave was harmless and is no cause for reversal. Civ.R. 61.
A motion to dismiss for failure to state a claim may only be granted when "`it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."'" Mussivand v. David (1989), 45 Ohio St.3d 314, 322, quoting Border City S. L. Assn. v. Moan (1984), 15 Ohio St.3d 65,66.
The elements of fraud are "`(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.'" Mussivand, supra, quoting Burrv. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
Plaintiff attempted to amend his complaint to include an allegation that Carroll affirmatively misrepresented that the plea bargain would save Davie thirty-six years of prison time. However, even with this new allegation, there is no way, beyond a doubt, that Davie can prove a set of facts that would show that he justifiably relied on Carroll's representations. It is undisputed that at the time Carroll made the alleged misrepresentation, he was acting as a prosecutor, on behalf of the state, whose interests were clearly averse to Davie's. As such, "`[t]he personal relation of the parties was not one calculated to beget confidence or reliance, but the contrary.'" Mussivand, supra, quoting Aetna Ins. Co. v. Reed (1877), 33 Ohio St. 283, 291. Thus, it was not justifiable for Davie, a defendant represented by counsel, to rely on the representations of Carroll. Assignment of error number four is overruled.
 III.
Davie's first three assignments of error relate to the grant of summary judgment in favor of O'Brien. Davie's complaint was served on O'Brien on August 28, 1998. However, O'Brien did not file an answer until October 3, 1996. On November 6, 1996, Davie moved for default judgment against O'Brien, claiming that O'Brien had failed to file an answer within the time allotted by Civ.R. 12(A)(1) and had failed to obtain leave to file outside the allotted time. The trial court never ruled on Davie's request for default judgment. Instead, on July 24, 1997, O'Brien moved for summary judgment, which the trial court granted on August 11, 1997.
 A.
First, we will address the third assignment of error: "The trial court abused its discretion in allowing the defendant [O'Brien] to file his answer beyond the rule date without regard to the requirements of the Ohio Rules of Civil Procedure."
Civ.R. 12(A)(1) provides that "[t]he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him." The record reveals that Davie's complaint was served on O'Brien by certified mail on August 28, 1996. Therefore, O'Brien's answer was due on September 25, 1996. However, O'Brien did not file his answer until October 3, 1996.
Civ.R. 6(B) allows for extensions of time. It states, "the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." O'Brien has never requested an extension under this rule and has never made a showing of excusable neglect. Therefore, Davie argues that his motion for default judgment, filed on November 6, 1996, should have been decided before summary judgment was entered.
In support of his argument, Davie cites Miller v. Lint
(1980), 62 Ohio St.2d 209. In Miller, the plaintiff moved for default judgment when the defendant failed to answer or otherwise plead within the allotted time. The defendant filed an answer the next day. The plaintiff filed a motion to strike the answer, but this was denied. The case proceeded to trial without any ruling on the motion for default judgment, without any grant of leave to plead, and without any showing of excusable neglect. On appeal, the Supreme Court reversed and remanded, holding: "[T]he failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits." Id.
at 214.
Davie's case, however, is distinguishable from Miller. Unlike the plaintiff in Miller, Davie waited until after O'Brien had already filed an answer to request default judgment. Default judgment is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Civ.R. 55(A). In this case, O'Brien did plead or otherwise defend prior to Davie's request for default judgment. Therefore, in order for default judgment to be appropriate, O'Brien's answer must first be stricken from the record as untimely. However, Davie has never moved to strike O'Brien's answer. Under these circumstances, Miller does not apply and Davie had no right to have his motion for default judgment heard and decided prior to summary judgment. Assignment of error number three is overruled.
 B.
Next we discuss Davie's second assignment of error: "The trial court erred in granting the defendants (sic) summary judgment by finding that the plaintiff failed to file a motion in opposition."
Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the non-moving party, reasonable minds must only be able to reach a conclusion that is adverse to the non-moving party. Id. It is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this initial burden is met, the non-moving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact. Id. at 293; Civ.R. 56(E).
At the beginning of its order granting summary judgment, the trial court states: "Plaintiff, Michael Davie, has not filed a response." Then, later in the order, the trial court concludes: "The Plaintiff has not responded to the Defendant's motion and has not met the burden of production necessary to avoid Defendant's motion." However, the record does contain a response filed by Davie on August 8, 1997, three days prior to the August 11, 1997, order granting summary judgment. Based on the statements contained in the trial court's order, the trial court apparently failed to consider Davie's response and the materials attached thereto. Thus, we reverse the award of summary judgment and remand the cause to the trial court for an examination of all appropriate materials filed by the parties, including Davie's response. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 360.
In light of our disposition of Davie's second assignment of error, Davie's first assignment of error, attacking the award of summary judgment, is rendered moot.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR