JOURNAL ENTRY and OPINION
{¶ 1} Donna J. Filips, an at-will employee of Case Western Reserve University (CWRU), appeals from a judgment of the common pleas court which granted CWRU's motion to dismiss her complaint alleging R.C. 4112 claims of hostile work environment and retaliatory discharge which she contends arose from her grievance to the university's sexual harassment committee.
 {¶ 2} On appeal, Filips asserts that the trial court erroneously granted the university's motion to dismiss her complaint because of her failure to exhaust its internal administrative procedures which were designed to permit appeal of employment termination. After careful review, we have concluded that the court erred in dismissing Filips' case, and we therefore reverse that judgment and remand the matter for further proceedings.
 {¶ 3} On May 18, 1998, CWRU hired Filips as an environmental specialist. Thereafter Filips claimed to have experienced sexually hostile interactions with her co-workers and superiors, and as a result, on December 21, 1998, she filed a written complaint with the university's sexual harassment committee. Subsequently, on February 9, 1999, an incident occurred in which Filips allegedly demonstrated disruptive and insubordinate behavior by using profanity and making threatening statements about her supervisors. As a consequence, the university placed her on an investigatory suspension, completed its investigation of the incident, and terminated her employment on March 1, 1999.
 {¶ 4} In its termination letter, the university advised Filips that it had completed its investigation of the February 9, 1999 incident. It documented that she had been placed in progressive counseling because of her inability to perform assigned functions, her failure to use sound judgment in response procedures, and her lack of cooperation with her supervisor's directions. The university concluded that she was insubordinate, uncooperative, unprofessional, threatening, and disruptive to its Department of Occupational and Environmental Safety, and that her action constituted misconduct under the university's disciplinary action policy; as a result, it terminated her employment. It also advised her that she could appeal her termination to its Staff Review Board within five days. It is undisputed that she did not do so. The record before us also contains evidence that counsel for the university independently advised Filips' counsel about her internal appeal rights on March 3, 1999; however, because neither Filips nor her counsel appealed, her termination became final on March 30, 1999.
 {¶ 5} Almost two years later, on January 16, 2001, Filips filed the instant complaint against Case Western Reserve University. In response, the university filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) and 12(B)(6) alleging a failure to exhaust administrative remedies in that Filips did not appeal her termination pursuant to the university's internal grievance procedures. Filips failed to timely respond to that motion, and the court granted it on April 27, 2001.
 {¶ 6} Filips now appeals and raises three assignments of error. They state:
 {¶ 7} "OHIO LAW DOES NOT REQUIRE THE EXHAUSTION OF INTERNAL REMEDIES BY PLAINTIFFS ALLEGING CIVIL RIGHTS VIOLATIONS UNDER R.C. CHAPTER 4112 THAT PERTAIN TO SEXUAL HARASSMENT AND RETALIATION FOR COMPLAINING ABOUT SEXUAL HARASSMENT.
 {¶ 8} "THE INTERNAL REMEDY PROVIDED BY DEFENDANT WAS NOT FULL, COMPLETE, OR MEANINGFUL.
 {¶ 9} "THE LOWER COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS BECAUSE THE EXISTENCE OF AN INTERNAL REMEDY MAY BE EVIDENCE RELEVANT TO DETERMINE DEFENDANT'S ULTIMATE LIABILITY, BUT DOES NOT DEPRIVE THE LOWER COURT OF SUBJECT MATTER JURISDICTION."
 {¶ 10} Filips argues that because she is not seeking reinstatement to her position, the affirmative defense of exhaustion of internal administrative remedies does not apply to her. Instead, pursuant to Chapter 4112 of the Ohio Revised Code, she has filed retaliation and hostile work environment claims which she argues are not preempted by her failure to appeal her termination. She further contends that CWRU's internal procedures are unfair and vague, and she claims that her failure to exhaust them is not a jurisdictional defect.
 {¶ 11} CWRU, on the other hand, relying on Nemazee v. Mt. SinaiMed. Ctr. (1990) 56 Ohio St.3d 109, 564 N.E.2d 477, and Frick v.University Hosp. Of Cleveland (1999) 133 Ohio App.3d 224, 727 N.E.2d 600, maintains that her failure to exhaust its internal administrative remedies deprives the court of subject matter jurisdiction and also constitutes a failure to state a claim upon which the court could grant relief.
 {¶ 12} The test to be applied in reviewing a Civ.R. 12(B)(1) motion alleging lack of subject matter jurisdiction is whether the plaintiff has alleged any cause of action which the court has authority to decide. See, e.g., The Salvation Army v. Blue Cross and Blue Shield ofN. Ohio (1993), 92 Ohio App.3d 571, 576, 636 N.E.2d 399.
 {¶ 13} Regarding a Civ.R. 12(B)(6) motion alleging failure to state a claim upon which relief can be granted, we recognize that a court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling recovery. See, e.g., Border City S. L. v. Moan
(1984), 15 Ohio St.3d 65, 472 N.E.2d 350.
 {¶ 14} In Nemazee, a physician signed a written employment contract which included the hospital's termination review procedures. Upon termination, the physician failed to exhaust the internal administrative review procedures, and instead filed a lawsuit alleging breach of contract and intentional infliction of emotional distress claims. As the Supreme Court of Ohio held in its syllabus, "A physician in a private hospital whose employment and/or hospital privileges have been terminated must exhaust all internal administrative remedies prior to seeking judicial review."
 {¶ 15} In Frick, we considered the employee's wrongful termination case filed against University Hospital which alleged a violation of the Family Medical Leave Act. We affirmed the judgment of the trial court granting summary judgment based on her failure to exhaust the internal grievance procedure set forth in the employment handbook.
 {¶ 16} Unlike Nemazee and Frick, however, Filips, an at-will employee, did not file a claim for wrongful termination; had she done so, her failure to follow the university's internal administrative appeal procedures may well have affected the court's jurisdiction. Further, based on her status as an at-will employee, she may not have been able to successfully pursue a wrongful termination claim. However, because Filips filed statutory retaliation and hostile work environment claims, neitherNemazee nor Frick apply as they relate only to breach of employment contract claims.
 {¶ 17} Since Filips has pled R.C. Chapter 4112 claims, and CWRU filed a motion based in part on Civ.R. 12(B)(6), we are obligated to consider the elements of these claims and determine whether her complaint states claims upon which relief can be granted. In Courtney v. LandairTransport Inc. (C.A.6, 2000), 227 F.3d 559, the court set forth the elements of retaliatory discharge as follows:
 {¶ 18} "* * * In reviewing retaliation claims, Ohio courts look to federal case law. See Barker v. Scovill, Inc., 6 Ohio St.3d 146, 451 N.E.2d 807, 809
(Ohio 1983). To support a claim for retaliatory discharge, a plaintiff must show that (1) she engaged in protected activity; (2) she was the subject of adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. See Chandler v. Empire Chem., Inc., 99 Ohio App.3d 396, 650 N.E.2d 950, 954
(Ohio Ct.App. 1994) (citing Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 375 (6th Cir. 1984)). If the plaintiff meets her initial burden in establishing a prima facie case, then the burden shifts to the defendant to give a legitimate non-discriminatory reason for its action. See id. (citing Burrus v. United Tel. Co., 683 F.2d 339, 343 (10th Cir. 1982)). If the defendant gives a non-discriminatory reason, then the plaintiff must show that the articulated reason was only a pretext for the adverse action." See id.
 {¶ 19} The elements of a hostile work environment claim are set forth in the syllabus in Hampel v. Food Ingredients Specialties, Inc.,89 Ohio St.3d 169, 2000-Ohio-128, 779 N.E.2d 726, where the court stated:
 {¶ 20} "2. In order to establish a claim of hostile-environment sexual harassment, the plaintiff must show (1) that the harassment was unwelcome, (2) that the harassment was based on sex, (3) that the harassing conduct was sufficiently severe or pervasive to affect the "terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment," and (4) that either (a) the harassment was committed by a supervisor, or (b) the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action."
 {¶ 21} In considering whether the trial court correctly dismissed Filips' action pursuant to Civ.R. 12(B)(6), we recognize that Ohio is a notice pleading state. Recently, in Cincinnati v. Beretta U.S.A. Corp.,95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, the court stated:
 {¶ 22} "Notice pleading is still the law, and the city clearly alleged that each defendant has manufactured defective products by failing to implement alternative safety designs. That was enough to give the manufacturers fair notice of the claims against them."
 {¶ 23} "`* * * since Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. [Footnote omitted.] Under the Ohio Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the party is entitled to relief.' Civ.R. 8(A)(1). "Consequently, `as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063. * * *"
 {¶ 24} Hence, Filips here needed only to set forth a short, plain
 {¶ 25} statement of her claims. She did so.
 {¶ 26} We recognize that several federal courts have dismissed similar claims, but those cases were decided on summary judgment. See, e.g., Nelson v. J.C. Penney Company, Inc. (C.A.8, 1996), 75 F.3d 343;Quiroga v. Hasbro, Inc. (C.A.3, 1991), 934 F.2d 497; Kipp v. MissouriHighway and Transportation (C.A.8, 2002), 280 F.3d 893. Here, however, in the context of Civ.R. 12(B)(6), examination of the allegations in the instant complaint filed reveals that CWRU had notice of the claims Filips intended to file and the causes of action she alleged.
 {¶ 27} Based on the foregoing, we have concluded that the trial court erred in granting the motion to dismiss in this case. Accordingly, we reverse that judgment and remand this case for further proceedings.
Judgment reversed. Case remanded.
It is ordered that appellant recover of appellee her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS, ANNE L. KILBANE, P.J., CONCURSIN JUDGMENT ONLY.